## THE STATE OF IOWA;

DES MOINES, JUNE TERM, A. D. 1858.

In the Fifteenth Year of the State.

---

PRESENT:

HON. GEORGE G. WRIGHT, Chief Justice.
" WM. G. WOODWARD, } Justices.
" L. D. STOCKTON, }

---

## Thayer v. Hurlburt *et al.*

Where a complainant in chancery obtains the appointment of a receiver to take charge of the property in controversy, and executes a bond to the respondent, conditioned for the payment of all costs and damages which may be awarded to respondent, by reason of the wrongful suing out of process, and wrongful appointment of said receiver, an action may be sustained upon such bond, upon the failure of the plaintiff to maintain his suit, to recover the damages occasioned by the wrongful appointment of the receiver.

It is not necessary, before a suit can be sustained upon such a bond against the principal and sureties, that the party to whom the same was executed, should have had his damages awarded him at the time of the determination of the suit in chancery, nor that he should first institute a suit against the principal in such bond, and have his damages awarded.

A specification in a demurrer, that "the petition is otherwise insufficient

in law to sustain the action," does not comply with secttion 1754 of the Code, and is too general.

*Appeal from the Dubuque District Court.*

FRIDAY, DECEMBER 9.

In August, 1854, Hurlburt filed his bill in chancery against Thayer and others claiming an interest in certain property therein described, and averring that said Thayer, without right, claimed to own and control the same. At the time of filing the bill, in accordance with its prayer, a receiver was appointed, who was required to enter into bond. The judge making the order, also required said Hurlburt to give bond, which he accordingly did, conditioned as follows: "That said Hurlburt should pay all damages and costs which may be awarded to said George S. Thayer, Francis L. Thayer, and James Ryan, or either of them, by reason of the wrongful suing out of such process, and wrongful appointment of such receiver, on demand. Such proceedings were afterwards had, that by the judgment of this court, upon appeal, the said bill was dismissed as to the said Francis L. Thayer

This suit is brought upon the bond so given by Hurlburt, the petition setting out the foregoing facts, and specifying particularly the damages sustained by petitioner, by reason of the institution of the original suit, and the appointment of a receiver, averring that the property belonged to the petitioner, and had, without right, been taken from under his control; and, that he has been damaged to to the amount of five hundred dollars. To this petition there was a demurrer, which was sustained, and the plaintiff not amending, judgment was rendered against him for costs, and he appeals.

*J. S. Blatchley*, for the appellant.

*Burt, Barker & Pierce*, for the appellees.

Thayer v. Hurlburt et al.

WRIGHT, C. J.—The grounds of demurrer to the petition are as follows:

*First.* The appointment of a receiver as set forth in the petition, was a judicial act of the district court, and was not wrongful; and that defendants are not in any way responsible for the action of said court.

*Second.* The bond was given as security for the faithful performance of the duty assigned to the receiver by the law, and the orders of the court, and there is nothing appearing in said petition, whereby any neglect of duty or disobedience is charged upon said receiver.

*Third.* Said petition is otherwise insufficient in law to sustain said action.

The third specification of the demurrer is too general. By the Code, demurrers for formal defects in a pleading, are abolished. Those for substantial defects, must set forth the true grounds of objection to the pleading demurred to. Section 1754. Tested by this section, we can give no weight to the third ground of demurrer.

The second is evidently based upon a misunderstanding of the instrument upon which the suit is brought. There was a bond given by the receiver, and also one by Hurlburt, as a condition precedent to the appointment of such receiver. This suit is brought, not to recover for the wrongful action of the receiver, nor upon his bond, but upon the obligation entered into by Hurlburt, to procure the appointment as prayed for in the bill. The two instruments are entirely distinct, and it must be quite obvious, that while the receiver might discharge his duty, and not be liable upon his bond, the petitioner, Hurlburt, might still be liable for wrongfully instituting a proceeding which led to the giving of the receiver's bond. As well might it be urged, that because the sheriff, in the service of an attachment or an injunction, discharged his duty, and would not be liable upon his official bond, that, therefore, the party procuring the attachment or injunction, could not be made liable upon the bond by him given to procure the process. It is true that the appoint-

ment of a receiver, is a judicial act, and for the action of the court in appointing him, the defendants may not be liable. But it by no means follows, that the defendants may not be liable for the wrongful act of their principal, in procuring such appointment. The complaint is not against the action of the court, but against the defendant, Hurlburt, for having asked and obtained a process, without cause — for having succeeded in taking the plaintiff's property from under his control, and placing it in the hands of a receiver, without right, as was afterwards determined in the action then commenced.

The granting of an injunction is a judicial act, and yet, who would claim that the party asking the same, would not be liable upon the bond by him given, if it should afterwards appear that damages had been sustained by the obligee, by reason of such injunction? The court granting the injunction acts ordinarily upon the facts stated in the petition, but the law has wisely provided for a bond to indemnify the defendant for the damages by him sustained. So, in this case, upon the facts stated in the petition, the court virtually granted an injunction, by taking the property from the control of the parties claiming it, and placing it in the hands of the receiver; and at the same time, in order to protect the interest of each, required the person so appointed to give bond, and to secure defendant, (the present plaintiff,) in his damages, on account of the wrongful suing out of the process, and the wrongful appointment of the receiver, required the petitioner to give the bond sued upon in this case. Upon the same principle that a recovery may be had upon a bond for an injunction, for an attachment, and similar instruments, may the plaintiff, upon a proper showing, recover upon this, though the receiver was appointed by the court.

It is suggested, that the demurrer was sustained upon the ground that the plaintiff should have had his damages awarded him at the time of the determination of the original suit; or should first institute his action against Hurlburt, and have his damages awarded; and that until it is,

in some manner, first ascertained that he has sustained damages, and the amount thereof, he cannot sue upon the bond. If this was the ground, we entertain no doubt but that he may have his actual damages ascertained in the action, and take his judgment therefor against the party making the bond. *Falls* v. *McAffee*, 1 Iredell, 139; *Harrison* v. *Balfour*, 5 Smedes & M., 301; Code, section 1818.

Judgment reversed.