By the Court, Danforth, J.
Upon the argument of this appeal a motion was also made by the receiver to dismiss this appeal, upon the ground that on the 18th day of March, 1870, by an order of this court made at Special Term, he was discharged from his duties as receiver. The motion to dismiss the appeal was opposed by Husted & Carll, and it is shown by affidavit that no notice of the motion by the receiver to be discharged was served on Husted & Carll, or their attorney, although prior to the time said motion was made and said receiver was discharged, he had notice of their claim.
*448 It is claimed by the counsel of the receiver that the order of the court at Special Term, denying the petition, is not appealable. It certainly is not, unless it denies the petitioners a substantial right. If the property claimed in the petition was the property of the petitioners at the time Mr. Ingraham was appointed receiver, he acquired no title to it by virtue of his office as such receiver.
While this court, on this appeal, will not adjudticate upon the rights of the parties, sufficient facts are developed to show that the petitioners may have rights which they will lose unless they are permitted to prosecute, and hence an affirmance of the order might deprive them of a substantial right.
The order being appealable, there can be no force in the point of the counsel for the receiver, “that the court at Special Term having passed upon conflicting affidavits as to question of fact,” the “order of the Special Term is conclusive.”
Prior to the 20th day of January, 1870, the petitioners claim that the property alleged to be theirs, was demanded by them of the receiver. This he denies, and says the claim made was by virtue of a mortgage given by Miller alone. There can be no doubt that a demand was made by the petitioners, of the property. Upon what grounds they based their demand there seems to be a conflict. The sale of the property was made after the petition was served upon the receiver with notice of motion. Husted was present at the sale of the property, and forbade the same.
The petitioners have, to sustain their claim, taken the only course open to them, as they could not commence an action against the receiver without first obtaining leave of the court. The receiver having sold the property claimed, after notice of the claim, and the receiver admitting that a demand was made, although upon *449 different grounds, they should be permitted to prosecute for the same.
[First Department, General Term, at New York,
January 6, 1873.
Learned and Lanforth, Justices.]
The order denying leave to sue, is reversed, with costs.
Husted & Carll have leave to sue the receiver, notwithstanding any aEeged discharge, and that such discharge be of no effect as to them. With this view of the appeal, and the fact that Husted & Carll had no notice of the motion to discharge the receiver, the motion to discharge this appeal is denied, with $10 costs for opposing the motion.
Let orders be entered accordingly.