## Case No. 7,525.

### JORDAN v. WELLS.

[3 Woods, 527.] [1]

Circuit Court, N. D. Georgia. March Term, 1878.

E. W. Hoge, for petitioner.

J. L. Hopkins, J. T. Glenn, and H. C. Erwin, contra.

WOODS, Circuit Judge. It may be laid down as a general rule that leave should be granted to sue a receiver where the petitioner makes out by his petition and affidavits a prima facie cause of action. The court ought not to undertake in advance, on such a petition, to decide the case against the petitioner. But it is essential that the petition should, on its face, show that the petitioner has a case. The court should not allow its receiver to be harassed by a suit where, according to his own showing, the plaintiff has no cause of action. Do the facts set out in this petition show that the petitioner has a case against the receiver on which he ought to recover? It is settled by the great preponderance of adjudicated cases that the master is not liable for an injury sustained by one servant from the carelessness or negligence of his fellow-servants. To justify a recovery in such a case, the master must knowingly and negligently employ incompetent servants, and the injuries for which redress is sought must be caused by the incompetency of the servant. Cooley, Torts, 559. The averment of the petitioner in reference to the employment of the engineer alleged to be incompetent, is as follows: that "one L. S. Tidwell, a person unskilled in running locomotive engines, and this engine in particular, was put in charge by said receiver, and required to run said engine." There is no averment that the receiver negligently and knowingly employed an unskillful and incompetent engineer. From all that appears either in the petition or affidavit, the receiver may have believed and have had good grounds to believe that Tidwell was a competent and skillful engineer. It appears to me to be clear that, if the facts set out in the petition and affidavit were embodied in a declaration, it would be demurrable, because it did not set forth a good cause of action. The petitioner, to justify a recovery, must not only aver, but prove, willful negligence on the part of the receiver, in the employment of an unskillful person, and an injury to him by reason of such unskillfulness of the person so employed. As this is not shown either in the petition or affidavit, the petitioner does not make out a prima facie case, and his petition for leave to sue the receiver must be denied.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]