DAVIS *v.* DUNCAN, Receiver, and another.[1]

(*Circuit Court, S. D. Mississippi.* 1884.)

1. RECEIVER—LIABILITY FOR TORTS OF EMPLOYES.
    A receiver is not personally liable for the torts of his employes; it is only when he commits the wrong himself that he is personally liable.
2. SAME—ACTION—PROCEEDING IN REM.
    Proceedings against a receiver for the torts of his employes, is in the nature of a proceeding *in rem*, and renders the property held by him as receiver liable in compensation for such injuries.
3. SAME—RAILROAD COMPANY.
    A railroad company is not liable for injuries inflicted by a receiver or his servants while its property was in the possession of a receiver, and when it was out of the possession of the property and had no control over it.
4. SAME—DISCHARGE OF RECEIVER—DISPOSITION OF FUNDS.
    After entering an order discharging a receiver, and directing him to turn over the property in his hands to the defendant corporation, and which or-

1 Reported by B. B. Boone, Esq., of the Mobile, Alabama, bar.

der was complied with by the receiver, the court cannot, after the adjournment of the term at which the order was made and entered of record, in any way alter, change, modify, or expand the decree discharging the receiver, and again obtain jurisdiction over the property and funds which it had by its decree ordered the receiver to turn over to the corporation.

5. SAME—PRESIDENT OF CORPORATION ACTING AS RECEIVER.

The fact that the receiver was also the president of the corporation can make no difference. It is the corporation that holds the property and not the president; he is only the official agent of the corporation.

6. SAME—CLAIMS FOR PERSONAL INJURIES—PAYMENT.

If the decree discharging the receiver, and under which the property was turned over to the railway company, had provided that it should be subject to the satisfaction of all claims, whether for personal injuries committed by the employes of the receiver or for other claims, arising while the property was under his control, and whether the receiver was discharged or not, the court, as a court of equity, would provide for a proper adjustment and payment of such claims, as such a provision would have been a retention of jurisdiction of the cause to that extent.

7. SAME—DEFENSE OF RECEIVER—HOW PLEADED.

Although permission has been granted by a court to sue its receiver, the right of the receiver to set up any defense he may have is reserved; and this can be done by plea, answer, or demurrer.

Demurrer to Bill.

*L. T. Bradshaw* and *L. Brame,* for complainant.

*E. L. Russell, B. B. Boone,* and *Frank Johnson,* for defendants.

HILL, J. The question for decision in this cause arises upon defendants' demurrer to complainant's bill. The bill in substance states and charges that defendant Duncan, in a suit in equity pending in this court, was duly appointed a receiver of the Mobile and Ohio railroad, and the property belonging to said company; that, acting as such, he was, on the nineteenth day of January, 1883, engaged by his agents, servants, and employes as a common carrier of passengers for hire over said road; that complainant was a passenger on one of the trains, having paid his fare to the town of West Point, on said road; that the night was dark when the train arrived at that place, and there were no lights to enable passengers to see in getting off the train; that while attempting to get off the train, without any signal, the train made a sudden start, which caused a jerk, by which he was suddenly thrown against the platform, and his thigh bone was broken, and other injuries were inflicted upon his person, and from which he has suffered much pain of body and mind, and has been at great expense in being cured of these injuries, some of which he fears may attend him through life; and that in consequence of these injuries he has been unable to attend to his business affairs, and has thereby been ruined in fortune, and has suffered damage to the sum of $15,000 by reason of the negligent and wrongful acts of the conductor, engineer, and employes of said Duncan, and for which he claims damages in the said sum of $15,000. The bill further charges that on the tenth day of February, 1883, in the matter of said receivership, a decree was made and entered in this court, approving and confirming all the accounts and dealings of said Duncan, and accepting his resignation and discharging him as receiver, upon condition

that he should produce and file, in this court, the acquittance and receipt of said Mobile & Ohio Railroad Company in full settlement, as set forth in said decree, but that he has not done so, as complainant is informed and believes, and charges that said resignation has not been accepted and said receiver discharged. That said Duncan, in applying for his discharge, led the court to believe that all matters, except pending suits, by and against him as receiver, had been settled, and that therefore it was unnecessary to continue said receivership except for the purposes of pending suits or actions, and that said Duncan must be held chargeable with knowledge of his, complainant's said injuries, and his right to compensation out of the property and assets in his hands as such receiver, and that he did not bring notice of the same to the court when said order of discharge was made, and that complainant had no notice of the proposed surrender of said receivership, and never did have notice of said proceedings until shortly before the filing of this bill, on the twenty-eighth of December, 1883, and insists that he ought not to be affected by the same. The bill further alleges that said Duncan was the president of said Mobile & Ohio Railroad Company, and one of its directors, at the time of the injuries, and at the time of the surrender of said railroad and its property, and still is; that a large portion of the railroad and property so surrendered is in the state of Mississippi, and in the possession of said Duncan; and that the rights of no third parties have intervened.

These are all the charges in the bill that need be stated to an understanding of the questions presented by the demurrer. It is agreed that in considering the demurrer the decree discharging the receiver, as entered, may be considered by the court, as if set forth in the bill. The proceedings in this court were in aid of and ancillary to the proceeding in the circuit court of the United States for the Southern district of Alabama, where the main suit was instituted and terminated; consequently, this court adopted as its decree the decrees of that court, so far as they related to settling the rights of the parties to the suit and the discharge of the receiver, settling only by its own independent decrees the rights and liabilities growing out of the receivership between the receiver and third parties within the jurisdiction of this court. The decree of the said circuit court for the Southern district of Alabama was made on the twenty-fourth day of January, 1883, and recited that said Duncan, as receiver, had fully accounted with the court for all his acts as such receiver, and was ready to surrender all the property in his hands as such, and which the railroad company was ready and willing to receive. Whereupon the court "ordered, adjudged, and decreed that said William Butler Duncan do, with all convenient speed, deliver all the property in his possession as receiver, under the former order of this court, in the states of Alabama, Mississippi, Tennessee, and Kentucky to the said Mobile & Ohio Railroad Company, to be by said corporation managed and op-

erated as authorized by its charter, and upon the filing in this court by said Duncan of the acquittance and receipt of said railroad company, as directed by the former order of this court, the resignation of said receivership by said Duncan is hereby accepted, and he and his sureties forever discharged from all liability as said receiver, except that all pending actions and suits by or against said receiver shall be carried on and prosecuted to conclusion the same as if the said Duncan continued the receiver of this court in this cause." This decree was received and adopted and entered by this court as ancillary to and in aid of the proceedings in said cause in that court on the tenth day of February, 1883.

The bill admits that the property in the hands of the receiver has been turned over to the railroad company, and that the acquittance and receipt was filed in that court before the filing of the bill in this cause, but that the acquittance and receipt has not been filed in this court. It is not denied that the bill sets forth a *prima facie* claim for damages, unless the right to recover the same has been lost by the surrender of the trust property and assets by the receiver, and his discharge before the commencement of these proceedings. The turning over of the property and filing the acquittance and receipt, in the court at Mobile, was under the decree of that court a complete discharge of the receiver, except as to pending suits by and against Duncan as receiver. This court only entertained jurisdiction of the case in aid of and ancillary to the procedings in Mobile, and only for the purpose of settling controversies between the receiver and third parties, growing out of the receivership. The filing of the acquittance and receipt of the railroad company in this court was unnecessary and unimportant, and the want of which did not, in my opinion, continue the liability of the receiver or render the property and assets turned over by him liable for any of the acts or wrongs committed by him, or his agents or employees.

As to all pending suits, in whatever form, by or against Duncan as receiver, in either the circuit court of the United States, in Alabama, or in this court, the receivership and the right to prosecute such suits to a conclusion was reserved, and any decree or judgment against the receiver became a charge against the property and assets so turned over, in the same manner that it would have been had the order of discharge never been made in either court. In other words, the railroad company took the property *cum onere* as to these claims. A receiver, as such upon principle and authority, is not personally liable for the torts of his employes. Were he so liable, few men would take the responsibility of such a trust; it is only when he himself commits the wrong that he is held personally liable. The proceedings against him as receiver, for the wrongs of his employes, is in the nature of a proceeding *in rem*, and renders the property in his hands, as such, liable for compensation for such injuries. *Meara's Adm'r* v. *Holbrook*, 20 Ohio St. 137; *Klein* v. *Jewett*, 11 C. E. Green, 474; *Jordan* v. *Wells*, 3

Woods, 527; *Kennedy* v. *Indianapolis & C. R. Co.* 11 Cent. Law J. 89. The railroad company is not liable for the injuries complained of in the bill, for the reason that they were committed while it was out of possession of the property, and had no control over it. This conclusion is sustained by principle and authority. *Ohio, etc., R. Co.* v. *Davis,* 23 Ind. 560; *Bell* v. *Indianapolis, etc., R. Co.* 53 Ind. 57; *Metz* v. *Buffalo, etc., R. Co.* 58 N. Y. 61; *Rogers* v. *Mobile & O. R. Co.* 17 Cent. Law J. 290; *Meara's Adm'r* v. *Holbrook, supra.* There is no allegation in the bill that Duncan had any agency in bringing about the injuries complained of, or knew anything in relation thereto when either the decree of the court at Mobile, or of this court, discharging him as receiver, was made, and it is to be presumed that he did not have personal knowledge of the occurrence, or that any claim was intended to be made for damages therefor. I take it for granted that it was supposed there were no claims for damages against the receiver, or, rather, against the property or funds in his hands, which had not been put in suit, or a reservation would have been made holding the funds and property liable, as was done in favor of those in suit. I am satisfied that such was the case, or cases like the present one would have been provided for by the decree of this court in discharging the receiver, as was done in the case of *Mississippi Cent. R. Co.*

It is very much to be regretted that this provision was not made, as it may work a serious wrong to the complainant; but the question is, can this court, after the adjournment of the term at which the order was made, in any way alter, change, modify, suspend, or expand the decree discharging the receiver, and again obtain jurisdiction of the property and funds which it had by its decree ordered the receiver to turn over to the corporation, and which it is admitted was done. I am not aware of any rule by which this can be done. I do not believe that the fact that Duncan is the president of the corporation can make any difference. It is the corporation that holds the property, and not Duncan; he is only the official agent of the company. The corporation took the property free from any liens or claims growing out of the receivership, except those reserved and provided for by the decree under which the surrender was made to the company, and under which it is now held. Had the decree under which the property was turned over provided that it should be subject to the satisfaction of all claims, whether for personal injuries or otherwise, committed by the employes of the receiver while the property was under his control, whether the receiver was discharged or not, this court, as a court of equity, would provide for a proper adjustment and payment of such claims, as such a provision would have been a retention of jurisdiction to that extent.

The only authority referred to by complainant's counsel in support of the proposition that the discharge of the receiver does not operate as a discharge of the property held by him for torts committed before the discharge, is the case of *Miller* v. *Loeb,* 64 Barb. 454, re-

ferred to by High, Rec. §§ 268, 848. When that case is examined it will be found not to apply to the case at bar. The rule stated in that case is that the discharge of a receiver by order of the court is no bar to an action against him by third persons claiming property of which he has taken possession; when it is alleged that the receiver has sold such property after notice of the owner's claim thereto, the court will permit the owner to bring an action against the receiver, notwithstanding he has been discharged, especially where the claimant had no notice of the receiver's application for discharge. This was a case in which the receiver had possession of the property of another, and, with knowledge of his claim, sold the property.

In the present case the property in the hands of the receiver, and which he turned over to the company in obedience to the order of the court, never was the property of the complainant, and could only be reached by the establishment of the claim for damages in such way as the court might direct, and obtaining the order of the court that the same should be paid by the receiver out of the trust property in his hands. This was not done, and the property is now beyond the jurisdiction of this court.

It is insisted by complainant's counsel that a receiver occupies the position of an executor of an estate, and that the courts have holden that the discharge of an executor does not relieve him from liability from suit when the discharge is granted. In that case the judgment is against the executor in his fiduciary capacity, but must be satisfied out of any of the funds belonging to the estate in his hands, if any he has; if not, may be satisfied out of such property or means as may have passed into the possession of the devisee or legatee, and upon which the creditor had a lien created by law for the payment of his demand, the devisee or legatee having taken the property *cum onere*. In the case at bar this relation and liability does not exist as above stated. The only authority to which I have been referred or have been able to find analogous to the present case is the case of *Farmers' Loan & Trust Co.* v. *Central R. R. of Iowa*, 7 FED. REP. 537; in which Judge LOVE, in the circuit court of the United States for Iowa, in a very learned and exhaustive opinion, holds that no action can be maintained against the receiver of a railroad after such officer has been discharged and the property transfered to a purchaser under an order of the court in a foreclosure proceeding; and such purchaser takes the property subject to all claims against the receiver, when the court has reserved the jurisdiction upon final decree to enforce, as a lien upon the property, all liabilities incurred by such receiver. This opinion was concurred in by Judge McCRARY, the circuit judge. This ruling does not conflict with the positions stated.

It is contended by complainants' counsel that to deny the relief prayed for is to acknowledge a right and deny a remedy, which it is insisted is contrary to legal rules. Rights are often defeated for the want of applying the proper remedy within the proper time, and under

which hardships are sometimes suffered; but complainant may not be altogether remediless. The employe or employes who caused the injuries, if the receiver or the property on ro in his hands was liable, are also liable, as having been the direct and wrongful cause of the injuries. The fruits of a suit against them, it is true, may be very uncertain.

It is insisted by complainant's counsel that the court, or one of its judges, having given leave to file the bill against the receiver, should not now dismiss it, but will permit the cause to proceed to final decree, as though the receivership remained. In all such cases the leave to bring suit in any form reserves the right to the receiver to set up any defense he may have, which can be done by plea, answer, or demurrer. *Jordan* v. *Wells, supra.*

After a careful consideration of all the questions involved, I am unable to come to any other conclusion than the one that the bill does not present a case authorizing the court to grant the relief prayed for in the bill. While at the same time I regret that the final decree did not provide for this and all other claims against the receiver, or the property and funds which were in his hands, and to which it would have been liable had proceedings been pending when the final decree was entered.

The result is that the demurrer must be sustained and the bill dismissed.