## THE STATE WITHOUT IMMUNITY IN A WRONGFUL SEIZURE CASE.

Common Pleas Court of Franklin County.

THE STATE OF OHIO, EX REL. HUGO N. SCHLESINGER, v. THE COLUMBUS PACKING COMPANY, ET AL.

Decided March, 1925.

*Seizure in an action by the State—In Which the Court Was Without Jurisdiction—Subjects the State to Liability for Damages Sustained—Wrongful Seizure Under the Cold Storage Act—Results in Judgment Against the State for $55,895.42—Right of the Injured Owners to Counterclaim.*

Where the State of Ohio, in an action under the "cold storage" law, brought on relation of a prosecuting attorney, seizes property and procures the appointment of a receiver who sells the goods seized for what he can obtain, and it subsequently developes that the court was without jurisdiction, the seizure is without due process of law, and the State is without immunity, but stands in the same position as a private individual under similar circumstances, and may be called upon for damages in an amount which, with interest, will cover the loss sustained by the party whose property was thus wrongfully seized and sold.

*John R. King,* prosecuting attorney, and *Joseph A. Godown,* assistant prosecuting attorney, for plaintiff.

*Oscar W. Newman* and *T. S. Hogan,* for Claude S. Chamberlain, Receiver.

*Bennett, Westfall & Bennett,* for The Columbus Packing Company.

*Fred C. Rector,* for The Fairmont Creamery Company.

KINKEAD, J.

This action was brought by the prosecuting attorney in the name of the state alleging a violation of the Anti Trust Law Section 6400, General Code. A receiver was appointed, and without full trial and judgment upon the merits of the case, defendant's property was unlawfully seized and sold by a receiver appointed by the court. The amount realized from such sale by the receiver was the total sum of $29,890.45. The sum of $8,800 was consumed in receiver's expenses. The total

amount received from the illegal sale of defendant's property was $29,890.45.

The case went to the Supreme Court and was affirmed; thereafter it was again taken to that court where the original judgment and action of the trial court in seizing defendant's property was reversed, the conclusion of the court then being that the relator in the original action was wholly without authority in law to seize and sell defendant's property; that the mere storage of pork loins by a storage company for a period of more than six months under the provisions of the cold storage act (Sections 1155-1 to 1155-19), (107 O. S., 594) was not a violation of Section 13 of that act. See *Columbus Packing Company* v. *State, ex rel.*, 106 O. S., 469. Overruling *Columbus Packing Company* v. *State*, 100 O. S., 285).

The final conclusion by the Supreme Court makes it clear that the prosecution of the action by the state of Ohio on the relation of Hugo N. Schlesinger, prosecuting attorney, resulted in an unlawful invasion of the rights of property of The Columbus Packing Company, and that it was unlawfully deprived of its property without due process of law. The Columbus Packing Company has unquestionably been deprived of its property without due process of law.

It appears to be a settled legal doctrine that one has a right of action against those who wrongfully and unlawfully procure the appointment of a receiver which results in an unlawful seizure of and deprivation of his property. The doctrine is: "Having no right to a receiver, the complainant is, of course, liable to the defendants (in the action) for all the consequences of having had one appointed." *Lockhart* v. *Gee*, 3 Tenn. Ch., 332; *Thayer* v. *Hurlburt*, 5 Iowa, 521; *Bowman* v. *Hazen*, 69 Kan., 682, 77 Pac., 589; *Lyon* v. *United States Fidelity Company*, 48 Mont., 591, Ann Cas. 1915 D, 1036, 140 Pac., 86 (1914).

In the last cited decision the action was on the bond of the receiver under a statute which binds the sureties to pay all damages sustained by reason of the appointment of the receiver. *We have no such statute in this state.*

The complaint here made is not against the receiver, but

is against the state which instituted, directed and carried on the action, which resulted in the unlawful seizure of defendant's property. It was the state of Ohio which prosecuted the action, acting through the prosecuting attorney, hence the state was the party which wrongfully had the receiver appointed.

In some states provision has been made for bond conditioned to pay all damages which parties may sustain by reason of the appointment of a receiver. See Note Ann. Cas. 1915 D of decisions. No such provision has been made in Ohio, hence the general doctrine is that the action is to be considered as that of the state. In the absence of a statute providing for a bond covering loss by the action and wrongful receiverships, there appears to be no remedy for the loss where the court has jurisdiction. The court had jurisdiction of the subject matter upon appropriate facts, but those facts were wanting in this case as held by the Supreme Court. In some states it is held that the appointment being an act of court, no right of action can arise even though the appointment be improper. *Saunders* v. *Kemper*, (Tex.), 32 S. W., 585; *Coverdill* v. *Seymour*, 94 Tex., 1.

In the last cited case it was said: "The appointment of the receiver was the act of the court, in a regular proceeding for that purpose upon hearing, and is for that reason not the basis for an action for damages against the applicants." This applies only where there is jurisdiction.

The ordinary rule is that where a receiver disburses funds in his hands according to the direction of the court, he will be protected in carrying out his instructions, and the court order under which he acts will be a complete defense where there is a rightful exercise of jurisdiction. In the absence of statute as in some states as to personal liability, see *Davis* v. *Duncan*, 19 Fed., 477; *Bonding Co.* v. *R. R. Co.*, 124 Fed., 866, 60 C. C. A., 52; *Pusey* v. *Paper Mills*, 173 Fed., 629; *State* v. *Bank*, 196 Minn., 164, 130 Am. St., 599; *Willis* v. *Sharp*, 124 N. Y., 406. Note and other decisions in Ann. Cases 1913 D. 1117-1119; *Platt* v. *N. Y. & R. R. Co.*, 170 N. Y., 451.

There is authority, however, for an action against those

who have no right to a receiver, against those who wrongfully obtain one which results in injury and damage to the rights of a defendant. See Ann. Cas. 1915 D 1040 Note.

In *Columbus Packing Co.* v. *State, ex rel. Schlesinger, Prosecuting Attorney*, 106 O. S., 469, the former decision by the Supreme Court under which the common pleas court appointed a receiver who seized the property and sold it, was reversed; the judgment thereupon rendered by the court of last resort was that the common pleas court *had no jurisdiction whatever in the case.* It was held that there was *no violation of the Valentine Anti-Trust Law whatsoever.* Therefore it follows that the common pleas court was without jurisdiction to hear and determine the claims of the state of Ohio as made by the prosecuting attorney. It also appears that every act done by the state of Ohio as represented by the prosecuting attorney was wholly null and void, being without any jurisdiction whatsoever.

The court especially held that under the facts disclosed, the state of Ohio, as represented by the prosecuting attorney, had no auhority to seize and sell the property under the conditions disclosed by the facts contained in the report of the case. The opinion and syllabus sufficiently disclose the facts and circumstances.

The facts thus disclosed differentiate the present case from decisions before cited. In this case the common pleas court was without jurisdiction or power whatsoever to seize the Packing Company's property and sell the same as decided by the Supreme Court; hence the property of defendant was taken without due process of law.

Under Section 6400 for a violation of the provisions of the Chapter on Trusts, the Prosecuting Attorney or Attorney General had the legal right to institute proceedings in the common pleas court to enjoin a violation of the provisions of the Anti-Trust Laws.

But the Supreme Court pointed out the irregularities committed by the trial court in that it failed to determine the rights of the defendant according to the due course of law, in that the Packing Company's property was seized by the court through the instrumentality of a receiver on the day

upon which the petition was filed, and without notice to the Packing Company and without trial and adjudication of the rights of the corporation. Counsel for the receiver, the Supreme Court states, was appointed on the same day, without notice, entailing an expense of $6,500 for counsel, which came out of the property of the company. Within three days thereafter an order to sell the property was made.

The Supreme Court finally concluded that the Packing Company's property was taken from it without due process of law. The burden of the claim and conclusion of the Supreme Court was that the seizure of the pork and its sale was without trial and deliberate judgment and without due process of law. The outstanding fact was that neither the storing of the pork loins for six months, nor the selling or offering the loins held longer than six months constituted an act in violation of the Anti-Trust Law. When the judgment of the Supreme Court was rendered, it found and concluded that as the parties did not have a legal trial upon issues finally raised by the pleadings, the judgments of the lower courts were reversed, and the judgment of the court remanded the case for further proceedings according to law which were not had by the trial court. The judgment was therefore rendered without jurisdiction.

"Proceedings according to law" was then an empty phrase; the pork was sold, the receiver received the purchase price and the fund was thereupon partially distributed and paid out upon orders of the court, all of which was held to be without legal authority in the light and wisdom of the decision of the Supreme Court.

The ancillary relief which the court seems to have granted under Section 6400 was to restrain and enjoin alleged violations; or such temporary restraining order or prohibition as shall be deemed just. The only *judgment* which the statute authorized the court to render "*under the laws of this state is on final hearing*" was against those "*found guilty of violating any of the provisions of this act.*" Section 6400. In such case the court may declare a forfeiture of rights, dissolution of the corporation, and may thereupon make an ap-

pointment of a trustee to wind up its affairs as in other cases of *quo warranto*.

Thus, it appears that there was no apparent authority for the appointment of a receiver whatsoever, as held by the Supreme Court, and as also obviously appears from Section 6400. It then clearly appears that proceedings under Section 6400 and the chapter on Trust are purely statutory, and that a *trustee* shall then be appointed only after *judgment*. The proceeding being statutory there existed no right whatsoever for the appointment of a receiver. Hence, it is obvious that all acts of the receiver were without authority of law.

The Packing Company was therefore deprived of its property without due process of law.

And the state of Ohio, represented by and acting through the prosecuting attorney is therefore responsible for all the losses sustained by the company.

The result of the conclusion of the Supreme Court and the opinion here expressed is to place the cloak of irregularity and illegality upon the action of the court and its receiver as well also, as of the trial court in its orders in respect to the sale of the pork, and to whatever losses were sustained. The action of the common pleas court may be regarded as legal only when its action is obviously within its jurisdiction. Hence, it appears that the trial court was without jurisdiction to seize and sell the pork by the receiver appointed.

The Packing Company has a claim against the state of Ohio for the sum of $55,895.42 by reason of the excess of power exercised by the prosecuting attorney, the common pleas and court of appeals in respect to the claims of the Columbus Packing Company. The following is a tabulated statement of the findings of the court:

"I find that the amount due The Columbus Packing Company from the State of Ohio should be computed as follows:

| | |
|---|---:|
| 148,152 lbs. of Pork at 32 cents per lb. (market value) | $47,408.64 |
| Interest on this amount from the date of seizure, August 6, 1919, until May 3, 1922, is | 7,808.70 |
| **Total amount due May 3, 1922** | **$55,217.34** |

Paid to The Columbus Packing Company, May
    3, 1922 ......................................... 18,000.00

Leaving a balance on that date .......... 37,217.34
Interest on this amount from May 3, 1922, to Feb-
    ruary 9, 1925 ................................. 6,178.08

            Total .................................. 43,395.42
Attorney fees ...................................... 12,500.00

        Grand Total ............................. $55,895.42

We come now to the question arising upon the record herein whether The Columbus Packing Company who was made a party defendant by the state of Ohio may now proceed against the state to recover by counter-claim as damages for the wrongful seizure and sale of its property which resulted in a material loss to it.

The learned Ranney, J., in *State* v. *Buttles*, 3 O. S., 309 (1854), decided the question in the affirmative, viz.:

Syl: "The option belongs to the state, whether she will or will not make herself a party to the unauthorized contracts of her agents, and does not belong to those who have not been, and could not be injured by such contracts.

"When the state becomes a party in court, suing upon such a contract, without any suggestion that the suit is prosecuted without authority, the presumption, as in like cases of private individuals, is that she has ratified the contract."

In the opinion of the court, Ranney, J., in discussing the question whether the state "could lawfully make herself a party to (an action) and claim the benefit of a loan," he stated:

"We agree that she can only do so upon the same terms and subject to the same restrictions as a private individual. When she appears as a suitor in her courts to enforce her rights of property, she comes shorn of her attributes of sovereignty, and as a body politic, capable of contracting, suing, and holding property, is subject to those rules of justice and right, which, in her sovereign character, she has prescribed for the government of her people. If she makes herself a party to the contract of her unauthorized agent by ratifying his acts, she must take the contract as he has made it, and stand by all its provisions."

Again in *State* v. *George*, 34 O. S., 657, Boynton, J., re-iterated the doctrine stating that:

"When, at the suit of the state, courts are called on to determine the rights and obligations of the parties * * * the same principles must be applied as if they had been private persons. They stand upon an equality, and the sovereign is merged in the contractor and suitor. In no state has this principle been more distinctly asserted than in Ohio." *State* v. *Bank*, 10 Ohio, 91; *State* v. *Buttles*, 308, 309, 319; *State* v. *Wright*, 662; *Sinking Fund Com.* v. *Bank*, 1 Met. (Ky.), 174.

In Ruling Case Law, Vol. 25, p. 411, it is stated:

"If the state comes into its courts, it is subject, like all other suitors, to the established rules, etc."

In *Palmer* v. *State*, 18 N. P. (N. S.), 609, Judge Bowman stated:

"It may, however, waive this privilege and permit itself to be sued, etc." Citing *Beers* v. *Arkansas*, 20 How., 527, 529; *Hans* v. *Louisiana*, 134 U. S., 13, 17; *N. C.* v. *Temple*, 134 U. S., 22.

The Ohio rule laid down by Judge Ranney seems to stand alone among the decisions touching the right of parties to sue the state; but it is applicable, and will therefore be followed in this case. According to the decision of our Supreme Court the "Pork Case" is a striking one where a legal officer of the state had a right by statute to sue under the statutes of the state, the Anti Trust Law. The Supreme Court has clearly held that an officer authorized to bring such an action under the Anti Trust law voluntarily came into court and wrongfully pursued the action taking the defendants' property without due process of law. *By application of the doctrine laid down by the learned Ranney, the defendant company had the clear right to counterclaim against the state for the losses by it sustained.* Therefore, the court now concludes that defendant is entitled to recover judgment against the state for the losses which it sustained, and awards a judgment against the state for the sum of $55,895.42 which it finds from the evidence it has sustained.