E. M. PETERSON *et al.* v. A. S. WARNER *et al.*

### No. 259.

1. ESTOPPEL—*allegation in pleading of another action is not.* An allegation of fact in a pleading does not constitute an estoppel of record against the party making the same, independent of the estoppel raised by judgment in the case.

2. RES ADJUDICATA—*judgment in former trial involving title to part of same property is.* A judgment affirming the validity of a sale and transfer of property is conclusive upon the parties thereto with respect to all the property covered by that entire transaction, although but part thereof was in fact the subject-matter of the issues in the case in which the judgment was rendered. The fact that others were parties defendant to the record and bound by the judgment in that case, does not make the same less conclusive upon the plaintiffs in this case.

Nov. 15, 1897.        Opinion.  Mahan, P. J.              C. Div.

Error from Marshall District Court.  Hon. R. B. Spilman, Judge.  Opinion filed November 15, 1897. *Affirmed.*

*Gregg & Gregg* and *E. A. Berry,* for plaintiffs in error.

*B. Giltner* and *E. Hutchinson,* for defendants in error.

MAHAN, P. J.  In this action the plaintiff in error Peterson sought to charge Warner with the value of certain personal property which he alleged in his petition was fraudulently transferred by one Mason, deceased, with the intent to hinder, delay and defraud the creditors of Mason.  The plaintiff alleges that at the time of Mason's death and prior thereto he was indebted to plaintiff; that Mason had no property in his possession at the time of his death from which his debts could be satisfied, unless this fraudulent sale was set aside and the value of this property was appropriated thereto.  The other plaintiffs in error, Hampton, Heleker Brothers, Rosencrans, and Davis, it is alleged, were likewise creditors of Mason and had claims against his estate.  By their answer they alleged the same facts as are alleged in the petition.  The defendant Irvine is joined as the administrator of Mason.

To the petition the defendant Warner answered, *first,* by a general denial; *second,* that the property was transferred to him by Mason in his lifetime in payment of a debt due to him from Mason; *third,* that in a former action brought by the same plaintiff against the same defendants, the plaintiff had alleged in his petition that certain real estate which he then sought to have appropriated to the payment of these same

300          PETERSON v. WARNER.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

debts was the only property of the deceased, Mason, which could be reached or appropriated to the payment of these debts; that this allegation worked an estoppel against the plaintiff from now alleging that this personal property was subject to the payment of the debts of Mason; that, having so solemnly declared in his petition in that case between the same parties that the land was the only property of Mason, he would not now be permitted to say that the personal property was subject to such appropriation; that by such allegation he ratified the transaction as to the personal property.

The fourth defense made in the answer is the plea of former adjudication of the same facts in controversy in this case. It avers the bringing of the suit by the same plaintiff against the same defendants, except that the wife of Warner was made a party defendant in the first case, she being in possession of the land at the time with her husband, they occupying the same as a homestead; that the petition charged in that case that the transfer of the land to the defendant was fraudulent, and intended by Mason and accepted by Warner with the intent and purpose to hinder, delay and defraud the creditors of Mason. It further alleges that the transfer of the real estate mentioned in said petition, was a part of the same transaction in which the personal property was transferred, and that the consideration therefor was the same; that it was one single entire transaction; that it was so alleged by the defendant in the former suit and so determined by the court; that the same questions involved in that case are involved in this — that is, that the validity of the transfer of this property, both land and personal property, was there decided by the court upon issues joined; that said transfer was adjudged valid and free from

taint of fraud, and was made for the purpose of dis-
charging said indebtedness from Mason to the defend-
ant.   The answer had attached to it and made a part
of it by reference, the petition, answer, proceedings,
findings of fact, and judgment of the court in the former
case.

To the third and fourth defenses contained in this
answer the plaintiff demurred, on the ground that they
did not state facts sufficient to constitute a defense to
the cause of action set out in the petition.   The court
overruled the demurrer as to both counts.   The plaintiff
elected to stand thereon, and judgment was rendered
accordingly for costs for the defendant Warner against
the plaintiff.

Warner made a reply to the answers of the other
creditors, setting forth the same facts.   These creditors,
who are now plaintiffs in error and were defendants
below, demurred to the third and fourth counts of
the reply ; their demurrers were overruled and they
elected to stand upon their demurrers, and judgment
was rendered against them for costs in favor of the
defendant Warner.

One questions presented for decision is : Did this
third count of the answer of the defendant War-
ner to the plaintiff's petition and his replies to the
other defendants' answers, state facts sufficient to
constitute a defense to the matters alleged in the
plaintiff's petition and to the matters alleged in the
co-defendant's answers, which were identical ?

We cannot see upon what legal principle the court
held that the plaintiff was estopped or concluded, as
a matter of fact, by his former allegation that the
land was all of the property of which Mason died
seized or which constituted or ought to have consti-
tuted assets of his estate.   To be sure, if the fact was

alleged in the same case, the court would not permit
him to dispute it for any purpose in that case. But
it has never been held, so far as we are aware,
that an allegation in a pleading in one suit works an
estoppel against the party pleading it in all other liti-
gation which may arise between the parties. Hence,
we conclude that the court was in error in overruling
the demurrer to this third count.

The next inquiry is: Did the fourth count state
facts sufficient to constitute a defense to the cause of
action in plaintiff's petition, and to the causes of ac-
tion set out in the answers of the codefendants of
Warner?

We are of the opinion that it did. It appears con-
clusively, as stated in the case of *Hoisington, Sheriff,
v. Brakey* (31 Kan. 560), that the issue was the same —
that is, the validity of this transaction between Mason
and Warner with respect to all of this property.
This fourth count of the answer alleges, and the pro-
ceedings in the former case attached to said fourth
count and made a part thereof show, that the land in
that case and the personal property in this constituted
but one transaction between Mason and Warner. If
the transactions as to the land was valid, the trans-
action as to the personal property was valid; and, on
the contrary, if the transfer of the land was fraudulent
and void, the transfer of the personal property would
necessarily be fraudulent and void. A trial would
necessitate the introduction of the same testimony, or
testimony respecting the same transactions — the same
facts. This transaction and its effects, its integrity,
its validity, were before the court in the former case,
and the court held that it was a fair, honest, valid
transaction. To permit the plaintiff to retry this issue
because the property is different property, would be

PETERSON v. WARNER.                303

Nov. 15, 1897.        Opinion.   Mahan, P. J.          C. Div.

to violate a well-established principle of law and permit a party to be twice heard in court respecting the same transaction.

In the case of *Hoisington v. Brakey*, supra, the husband of the defendant in error had transferred to her a large quantity of personal property, consisting of horses, cattle, wagons, harness, etc. The plaintiff in error, Hoisington, as sheriff of Dickinson County, seized a part of this property under an execution in his hands against the husband. Jane Brakey replevined the property from Hoisington, and the issue was joined between them in that case as to the validity of the transfer of that property, although but two horses were involved, in fact, in the suit. Subsequently Hoisington levied upon other articles of the property covered by this same conveyance, by virtue of other executions against John Brakey. Jane Brakey replevined this property in another suit, and the validity of the transfer of the property by John Brakey to his wife was likewise raised by the issue made in this second case. Hoisington recovered verdict and judgment in the first case. By a supplemental answer he plead the judgment in the first suit in bar of the second, alleging that the property was all transferred at the same time ; that the same transaction was involved in both cases — the same transfer of property ; and that it had been tried and determined in the first suit in his favor and against Jane Brakey. The Supreme Court held that the judgment was a bar — was conclusive upon the parties.

Now, can it make any difference in this case because a part of the property was real estate and a part was personal property? Surely not. The fact that Mrs. Warner was made a party incidentally in the first suit, because of her present occupation of the land, makes

304      PETERSON v. WARNER.

N. Dept.      Opinion.   Mahan, P. J.      6 Kan. App.

no difference. She was not in any manner a party to the transaction — had no interest whatever in it, unless it was a homestead interest in the land by reason of her occupation of it with her husband, which could only accrue to her in the event of the validity of the transfer. She was not a necessary party in the first suit, although it was proper to join her therein. Wells on Res Adjudicata and Stare Decisis, § 19, p. 14; *Thompson et al. v. Roberts et al.*, 24 How. 233.

In the case cited above, additional parties, both complainant and respondent, appeared upon the record. The court says :

" No good reason can be given why the parties in this case, who litigated the same question, should not be concluded by the decree, because others having an interest in the question or subject-matter were admitted by the practice of a court of chancery to assist on both sides. The question as between the present parties is *res judicata*, and none the less binding because others are concluded also. A contrary doctrine would sacrifice a wholesome principle of law to a mere technical rule having no foundation in reason ; making a distinction where there is no difference."

The demurrers to the fourth count of the answer and replies were properly overruled. *Thompson et al. v. Roberts et al.*, supra; *Beloit v. Morgan*, 7 Wall. 619.

This defense, being conclusive upon the parties, decisive of the case, and being admitted to be true by the demurrer, fully sustained the judgment of the court and it is affirmed.