KNIPE, APPELLANT, v. WASHOE COPPER CO. ET AL., DE-
FENDANTS; WASHOE COPPER CO., RESPONDENT.

(No. 2,521.)

(Submitted April 7, 1908. Decided April 14, 1908.)

[95 Pac. 129.]

*Mines and Mining—Injuries to Buildings on Surface—Evidence*
*—Insufficiency—Appeal—Nonprejudicial Error.*

Appeal—Nonprejudicial Error.
1. Errors committed in the admission of evidence or in charging the
jury, no matter how gross, could not have worked prejudice to plain-
tiff who was not entitled to a verdict under any view of the evidence,
which was of such a character that the court should have directed a
verdict in favor of the defendant.

Mines—Injuries to Buildings on Surface—Evidence—Insufficiency.
2. Evidence examined, in an action against a mining company for
damages on account of injuries to plaintiff's buildings on the sur-
face of defendant's mining ground, alleged to have been occasioned
by defendant's negligent use of explosives in its underground mining
operations, and *held* insufficient to support a judgment for plaintiff,
where it appeared, among other things, that the excavations to which
plaintiff attributed the injuries to his buildings were not made until
long after such damage occurred, and where other companies operated
in the vicinity, by reason of which operations an extensive subsidence
of the surface had occurred, affecting buildings having the same situa-
tion relative thereto as those of plaintiff, and in the same way and
to a like extent.

*Appeal from District Court, Silver Bow County; Geo. M.*
*Bourquin, Judge.*

ACTION by Alpheus W. Knipe against the Anaconda Copper
Mining Company and the Washoe Copper Company. The cause
was dismissed as to the first defendant, and judgment was ren-
dered in favor of the second defendant, and plaintiff appeals
from an order denying him a new trial. Affirmed.

*Mr. John J. McHatton,* for Appellant.

The basis of the plaintiff's claim for recovery is that he had
a right to possess the premises undisturbed, and that any inter-

ference with the subjacent or lateral support thereof by the defendant was without right, and that the same was removed, resulting in damage. (See *Erickson* v. *Mich. Land & Iron Co.,* 50 Mich. 604, 16 N. W. 161; *Burgner* v. *Humphrey,* 41 Ohio St. 340; *Lord* v. *Carbon Iron Mfg. Co.,* 42 N. J. Eq. 157, 6 Atl. 812; *Williams* v. *Hay,* 120 Pa. St. 485, 6 Am. St. Rep. 719, 14 Atl. 379; *Fairview Coal Co.* v. *Hay* (Pa.), 14 Atl. 383; *Pringle* v. *Vesta Coal Co.,* 172 Pa. St. 438, 33 Atl. 690; *Robertson* v. *Youghiogheny River Coal Co.,* 172 Pa. St. 566, 33 Atl. 706; *Jones* v. *Wagner,* 66 Pa. St. 429, 5 Am. Rep. 385; *Horner* v. *Watson,* 79 Pa. St. 242, 21 Am. Rep. 55; *Coleman* v. *Chadwick,* 80 Pa. St. 81, 21 Am. Rep. 93.) The right of subjacent support exists entirely independent of the question of negligence on the part of the mine owner. (2 Lindley on Mines, 2d ed., 831; Stewart on Mines, 165; MacSwinney on Mines, 286; *Gilmore* v. *Driscoll,* 122 Mass. 199, 23 Am. Rep. 312.)

Mr. *A. J. Shores,* Mr. *C. F. Kelley,* and Mr. *D. Gay Stivers,* for Respondent.

The plaintiff's right to lateral and subjacent support extended only to the maintenance of the ground in its natural condition; and if the defendant left sufficient support to maintain the ground in its natural condition, it was not liable if the ground subsided because of the additional weight of buildings. (*Foley* v. *Wyeth,* 2 Allen (Mass.), 131, 79 Am. Dec. 771; *Gilmore* v. *Driscoll,* 122 Mass. 201, 23 Am. Rep. 312; *Matulys* v. *Philadelphia & Reading Coal & Iron Co.,* 201 Pa. St. 70, 50 Atl. 823; *Noonan* v. *Pardee,* 200 Pa. St. 474, 50 Atl. 255; *Thurston* v. *Hancock,* 12 Mass. 220, 7 Am. Dec. 57; *Booth* v. *Rome W. & O, T. R. Co.,* 140 N. Y. 267, 37 Am. St. Rep. 552, 35 N. E. 592, 24 L. R. A. 105; *French* v. *Vix,* 143 N. Y. 90, 37 N. E. 612; *Smith* v. *Kenwick,* 7 Com. B. (Eng.) 515; *De Carvajal* v. *Young Men's Christian Assn. of City of New York,* 76 N. Y. Supp. 474, 37 Misc. Rep. 727.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover a judgment for damages against the defendants alleged to have beeen caused by mining operations conducted by them beneath the surface of plaintiff's land and lands in the immediate vicinity thereof. Some time prior to the conclusion of the trial the action was dismissed as to the Anaconda Copper Mining Company, and thereafter it proceeded as against the Washoe Copper Company alone.

For all the land included in what is known as the Leggat-Foster addition to the city of Butte, in Silver Bow county, patent was issued to John A. Leggat and others in 1880, the application being based upon a placer location. Subsequently the land covered by the patent, or a portion of it, was platted into blocks and lots made an addition to the city. It is alleged in the complaint, substantially, that the plaintiff is and was at the times mentioned the owner of lots 1 and 22 in block 11 of this addition; that he is and was entitled to the quiet and peaceable possession, use and occupation of the surface thereof, and the earth underlying them to a depth necessary to permit the maintenance of buildings and improvements thereon; that he has held and maintained thereon certain buildings for residence and business purposes; that neither the defendants nor any other person or persons have or had any right to carry on any mining or to do any other work beneath the surface thereof, or to do any blasting or other act, or to omit to do any act with reference to the surface of said lots, or any underground portions thereof, which would disturb the lots or the surface thereof in its natural condition, or move or disturb the buildings thereon, or in any wise interfere with plaintiff's quiet and peaceable use and enjoyment thereof; that heretofore, and particularly during the year 1905, and during the possession and ownership of the plaintiff, the defendant has been engaged in carrying on underground mining operations under the surface of plaintiff's premises, and in lands in the immediate vicinity thereof, without plaintiff's consent; that it has carelessly, negligently and wrongfully made

excavations by drilling and blasting, using large quantities of powder, thus unnecessarily and carelessly disturbing plaintiff's right and title to the surface and the buildings thereon; that it has left the excavations so made in such an unprotected condition that the surface, being without its natural support, has sunk and settled and is rendered unfit for use, and has cracked and injured plaintiff's buildings; and that by reason of the premises plaintiff has been injured in the sum of $10,000. Judgment is demanded for this amount. In a second cause of action equitable relief is sought by way of injunction to prevent further injury, which it is alleged is likely to result from a continuance of defendant's mining operations.

In its answer the defendant Washoe Copper Company, after admitting its corporate capacity, alleges that it is the owner of all the mineral, veins, lodes, ledges, or mineral-bearing quartz and rock, or earth contained in, or belonging to, the lots claimed by plaintiff, with the right to mine for and extract the ores therein by means of underground workings to within fifty feet of the natural surface of the earth in such manner as not to destroy or interfere with the surface. It then denies generally all the other allegations of the complaint.

The reply puts in issue the claim of the defendant to the ores underlying plaintiff's lots and its alleged right to mine and extract the same. A trial of the issue thus framed resulted in a verdict and judgment for the defendant. The appeal is from an order denying plaintiff's motion for a new trial. Plaintiff's contention is that the motion should have been granted, because of errors in admitting certain evidence and in charging the jury, and because the evidence is insufficient to justify the verdict. We are of the opinion that the motion was properly denied, for the reason that the evidence admitted at the trial would not from any point of view have sustained a verdict for plaintiff for any amount. For this reason it is not a material inquiry whether there was error in admitting evidence or in submitting the charge to the jury; for, even though the errors complained of were gross, nevertheless, if the evidence would not under any

view of it have sustained a verdict for plaintiff, the court should have directed a verdict for defendant. Under this condition of the case the plaintiff was not prejudiced by error in admitting evidence upon a matter not pertinent to the issue, nor by errors in the charge.

A brief summary of the evidence will be sufficient to demonstrate that another trial could not result differently. Reference to the subjoined diagram shows the situation of plaintiff's premises and of the underground workings of the defendant, and will materially aid in understanding the references to the statements made by the different witnesses.

The land covered by the addition slopes toward the south. The various lots and blocks shown are used for business and residence purposes. The deed under which the plaintiff holds lot 1 in block 11 contains the following reservation in favor of his grantor, who owned both the surface and mineral rights: "Reserving the ores, rock, and mineral, together with the right to mine, prospect for, and extract the same by means of underground workings, only up to a point within fifty feet of the natural surface of the ground, and in such manner as not to dis-

turb, injure, or interfere with the surface of said premises.''
A similar reservation is contained in his deed to lot 22, with the
additional words, ''Or damage the buildings or improvements
thereon.'' The rights thus reserved are owned by the defendant
under conveyances from the same grantor. The shaft through
which defendant's operations are carried on is on lot 10 in block
15 at a point marked ''Cambers.'' The crosscut and drifts are
shown radiating from this shaft, and are designated by the num-
bers 100, 180 and 200. The dotted lines to the westward on Grant
street represent a raise and excavations made in stoping ore un-
der Grant street. The witnesses refer to the workings of the de-
fendant as the ''Cambers Mine.''

It appears that there are seven buildings in all on plaintiff's
lots, all of which except the ones facing Park street toward the
north and Galena street, have been more or less damaged by a
cracking and subsidence of the earth's surface. The plaintiff
stated that he first observed this condition in December, 1902,
or January, 1903, and that it was unchanged at the time the
action was brought in May, 1905. He expressed the opinion that
it was caused by excavations made by the defendant by stoping
ore directly beneath the surface of his lots and under the street.
Upon further examination, however, it appeared that he had no
idea what the condition of the workings in the Cambers mine
was, or the extent of them, at the time the subsidence of the
earth occurred and his buildings were damaged. The witness
Lindsay, an engineer, who had examined the excavations in the
Cambers mine and testified for the plaintiff, stated that it was a
fair supposition that the settling of the earth and the subsequent
cracking of the buildings was caused by the openings on the 100-
foot level and the stoping of ore under Grant street, but that he
did not know when this work had been done. He expressed the
opinion that, if the cracking and damage appeared before these
excavations were made, the damage could not be attributed to
them. None of the witnesses on the part of the plaintiff had
any knowledge of the conditions underground at the time the
damage was observed in December, 1902, or January, 1903.

It appeared from the testimony of other witnesses that the excavations to the westward of the Cambers shaft, to the existence of which plaintiff attributed the injury, were not made until long after the injury occurred. In fact, it appears, without contradiction, that none of these excavations were made until as late as April, 1905, or just before this action was brought. It further appears that, owing to extensive mining operations by several other companies to the north of plaintiff's premises, there has been an extensive movement of the earth toward the south, accompanied by a subsidence of the surface and a series of cracks, extending generally from west to east, through the central portion of the city, resulting in damage to all buildings either on the line thereof or in close proximity thereto. One of these openings, attended by a decided change of the level of the surface for some distance on either side of it, extends through the Leggat-Foster addition to the north of Galena street, traceable for 1,100 feet westward and 400 or 500 feet eastward from Grant street, affecting buildings having the same situation relative to it, as those of plaintiff, and in the same way, and to a like extent. This is indicated by the dotted line extending through blocks 10 and 11. It does not appear that the operations in the Cambers mine have contributed in any way to this condition, or that they have aggravated it; so that a verdict for plaintiff, upon the issue as presented by the pleadings, could not have been justified by the evidence.

But counsel for appellant contends that plaintiff was entitled to a verdict for nominal damages in any event, because the evidence shows without contradiction that the blasting in the Cambers mine during the months of April and May, 1905, was attended by concussions so violent as to break a window in one of plaintiff's buildings on lot 1, and rendered it so uncomfortable that a tenant then occupying it could not remain there. Assuming that under the allegations of the complaint disturbance from concussion could properly be proved as an element of damage, the proof fails to show that the particular disturbance was the result of defendant's operations either alone or in connection

with other mining in the vicinity, also attended by blasting.   At best the testimony on this subject left the jury no substantial basis upon which to make a finding in favor of the plaintiff.

A considerable portion of the argument of counsel in their briefs is devoted to the question whether under the reservations in plaintiff's deeds, he is entitled to an absolute right to subjacent and lateral support to the surface of his lots and the quiet enjoyment thereof, or whether, having purchased subject to the reservation in favor of the owner of the mineral rights, he has no right to complain of any injury or disturbance, except such as result from the want of ordinary care in the conduct of mining operations necessary to prospect for and extract ore.   For the purposes of this case it is not necessary to discuss or decide this question.   Whether we should adopt the one or the other view the result would be the same; for, since the evidence fails to show that the defendant caused or contributed to the injury complained of, it is a matter of no consequence what rule of law is applicable.

Let the order be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.