LOKOWICH ET AL., APPELLANTS, *v.* CITY OF HELENA, RESPONDENT.

(No. 3,211.)

(Submitted January 11, 1913. Decided January 28, 1913.)

[129 Pac. 1063.]

*Waters and Water Rights—Change of Point of Diversion— Pleading—Burden of Proof—Decree—Res Adjudicata.*

Water Rights—Point of Diversion—Change of—Pleading and Proof.
1. One claiming to have been injured by a change in the point of diversion of water must allege, and has the burden of proving, the facts.

Same—Decree—Res Adjudicata—Dismissal.
2. Where every substantial matter raised in a suit to determine the right of a city to take the waters of a stream out of its watershed and use them continuously for municipal purposes had been finally disposed of in a case to which plaintiffs were parties, a judgment of dismissal *held* proper.

Same—Decree—What Matters Concluded by.
3. A decree in a water right suit stands as an absolute finality,—in the absence of appeal by any party thereto,—not only as to the conclusions expressed, but also as to everything directly or implicitly involved in reaching them.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by Frank Lokowich, and others, to enjoin the city of Helena from diverting the waters of Beaver creek from the watershed of said stream. From a judgment of dismissal and from an order overruling a motion for a new trial, plaintiffs appeal. Affirmed.

*Mr. James A. Walsh,* and *Messrs. Hartman & Hartman,* for Appellants, submitted a brief; *Mr. Walsh* and *Mr. Walter Hartman* argued the cause orally.

*Messrs. Walsh & Nolan, Mr. H. S. Hepner, Mr. Edward Horsky,* and *Mr. C. W. Wiley* submitted a brief in behalf of Respondent; *Mr. C. B. Nolan* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal from a judgment of dismissal and from an order overruling a motion for a new trial.

The appellants are owners in severalty of certain agricultural lands situate in the valley of Beaver creek, Broadwater county, Montana, and of certain rights in and to the waters of said creek; and they have brought this action to have the respondent city of Helena permanently enjoined from changing the place of diversion of said waters under its prior rights, and from conveying such waters continuously and permanently out of the watershed of the stream to the city for municipal purposes.

They allege that by a decree of the district court of Broadwater county, in what is herein referred to as the *Spokane Ranch Case,* the respective rights of all the parties to this action in and to the waters of Beaver creek were determined as to volume and date, and that there was adjudged to respondent the first four rights upon the creek; that in said suit there was no issue presented in the pleadings with reference to taking any of said waters out of or beyond the watershed of Beaver creek, no issue as to the time that respondent or its predecessors in interest used any of said waters, and no determination as to what particular rights respondent had therein as to time or manner of use; that the respondent's several rights were in fact wont to be used only at certain intervals each year during the irrigation or mining season, leaving the waters to flow in said creek at other seasons for the use and benefit of appellants and other appropriators; that the city and its predecessors were wont

to so divert its waters that seepage occurred, which supplied the appellants and other appropriators; that the city threatens to change its point of diversion and convey said waters in pipes to the city of Helena out of and beyond the watershed of said stream, to be there used continuously for municipal purposes.

1. The flow in Beaver creek, except at flood times, is approximately 165 inches or 4.125 cubic feet per second. Of the four rights therein belonging to respondent, the first three are agricultural rights and aggregate 328 inches or 8.17 cubic feet per second, and the fourth is a placer mining right for 1,000 inches, or 25 cubic feet per second. The points of diversion of all these agricultural rights are below the French Bar ditch, by which the waters under the placer right are diverted, and the city proposes to establish a new point of diversion for its placer mining right above the French Bar ditch and through it take such water as it may to Helena for municipal purposes. If for this branch of the discussion it be assumed that the respondent is authorized to take the waters held in virtue of its placer right out of the watershed of Beaver creek, it does not seem of much importance, in view of the normal flow of the creek, whether they are taken through the French Bar ditch or from a point above, as proposed. While, of course, one may not [1] change the point of diversion any more than the place of use or the character of use, to the prejudice of other appropriators (Rev. Codes, sec. 4842), it does not follow that any such change is to be taken, *in limine,* as prejudicial. On the contrary, the burden is on the party claiming to be prejudiced by such change, to allege and prove the facts. (*Hansen* v. *Larsen,* 44 Mont. 350, 120 Pac. 229.) Now, as to whether the appellants would be prejudiced by the proposed change in the point of diversion, there was an issue in the pleadings; but while there are many offers to prove prejudice to the appellants from the proposed change in the manner and place of use, the record is barren of any proof or offer to show prejudice from the proposed change in the point of diversion.

2. Counsel for appellants concede that the disposition of this case depends upon the answers to the following questions: (a) Can the respondent take these waters out of the watershed of the stream and use them continuously, to the manifest and irreparable damage of the appellants? And (b) was this question tried, determined and disposed of in the case of *Spokane Ranch & Water Co.* v. *Beatty et al.,* 37 Mont. 342, 96 Pac. 727, 97 Pac. 838?

It is claimed that the right of respondent to make a continuous diversion was not settled in the *Spokane Ranch Case,* because not involved; and appellants assign as error the refusal of the trial court in this case to receive evidence touching the time, place and manner of the use of respondent's various rights by the respondent and its predecessors in interest, and how the proposed diversion from the watershed of Beaver creek would be a change in the time, place and manner of use, to their detriment. The trial court thought all these matters foreclosed by the Spokane Ranch decree, and we think that this conclusion was correct. Turning to the record, we find that the parties to this action were parties to the *Spokane Ranch Case;* that in that case the present appellants filed an answer to the cross-complaint of the city of Helena, and the city filed a reply, and these pleadings distinctly presented the time, place and manner of the use of these rights by the city and its predecessors and the right of the city to continuously divert the waters of Beaver creek from its watershed to the city for municipal purposes. What the issues were in that case was specifically indicated by this court in the Spokane Ranch decision, as follows: "The pleadings show that the city of Helena proposes to take the water which it has a right to use, out of the basin or channel of Beaver creek, and convey it to the city of Helena for municipal purposes, and that, if the city carries out its intention, none of the said water will be available for agricultural purposes in the basin of Beaver creek. The defendants, other than the city of Helena, claim water rights in Beaver creek subsequent in time to those of the city, but they allege in their several an-

swers that, after the waters were used by the predecessors in interest of the city, the same were allowed to return to the stream in such a manner as that the junior rights were supplied at some periods of the year, and that they, the junior claimants, did in fact acquire substantial rights in the water, which will be entirely lost to them if the city is allowed to take the water away from the basin of the creek." And again: "Let it be recalled that the pleadings and bill of exceptions show that the fundamental question before the court was whether the city of Helena was authorized to continuously use its waters outside of the basin of Beaver creek." In view of this language and of its support in the record before us, we marvel that the appellants could make the allegations of the present complaint, or contend that the matters referred to in their offers of proof were not presented by the pleadings in that case.

Appellants next insist that they are not foreclosed by the decree, because it did not adjudge to the city the right to permanently and continuously take the water out of the watershed, and they say that this court held that that decree left the respective rights of the parties undetermined, save as to volume and date. Turning again to the record before us, we observe that the court found as a fact that on October 1, 1865, the city and its predecessors in interest diverted and appropriated 1,000 inches of the waters of Beaver creek, through its French Bar ditch, extending beyond and without the Beaver creek watershed, and have ever since continued to use said water for useful and beneficial purposes beyond and without said watershed. And in the decree itself it is formally adjudged, without limitation as to time, place or manner, that the city is entitled to use this right beyond and without the watershed of Beaver creek, without interference from anyone and subject only to the preceding rights, which were likewise decreed to it. Commenting on this decree, the opinion of this court, after discussing the terms of the decree relative to the placer rights of the city, proceeds: "When we come to examine the words used by the court with reference to the other water rights of the city, we observe

that the findings are couched in the ordinary terms employed by courts in the northwestern country in defining water rights used for agricultural purposes. * * * The phraseology employed with reference to these agricultural rights of the city simply amounts to a determination that the city has the same rights in the waters of Beaver creek that its predecessors had. What those rights were, save as to the volume of water and date of appropriation, is left undetermined. Therefore, we are of opinion that this decree, so far as the agricultural rights are concerned, does not give to the city the authority to continuously take the water outside the watershed or basin of the main stream. * * * '' On motion for rehearing it was sought to have clarified some language in this opinion which counsel thought to be obscure; and this court then said: ''The court, in the sentence quoted, referred solely to the city's so-called agricultural rights as being restricted, by the decree, to the watershed of Beaver creek. We do not feel that counsel for the city need apprehend that any different construction will be placed upon the language used.'' And still again, as if to make assurance more assured, this court in the *Carlson Case* (*Carlson* v. *City of Helena,* 43 Mont. 1, 114 Pac. 110), said: ''The decree in the *Spokane Ranch & Water Company Case* above is a solemn adjudication that the city may rightfully use its French Bar right beyond and without the watershed of Beaver creek.'' And now, in the hope of committing the subject to its [2] final rest, we again express the opinion of this court that every substantial matter here raised was involved in the *Spokane Ranch Case,* and that by virtue of the decree there rendered, the authority of the city under its placer mining right, to continuously divert the waters of Beaver creek from its watershed and to use them for municipal purposes, is settled.

Whether in the trial and determination of the *Spokane Ranch Case* the district court did or did not enter as fully as it might have into the question of time, place and manner of the use of its rights by the city and its predecessors, or sufficiently restrict the rights of the city with respect to the time, place and

manner of use, cannot now be considered. These are matters which any dissatisfied party to that case could have had reviewed by this court on proper presentation. But the decree is no longer reviewable. It stands an absolute finality, not merely **[3]** as to the conclusions expressed, but as to everything directly or implicitly involved in reaching them. (23 Cyc. 1288, par. c, 1295, par. g; *Beloit v. Morgan,* 7 Wall. (U. S.) 619, 19 L. Ed. 205; *Chicago, K. & W. R. Co.* v. *Black et al.,* 47 Kan. 766, 29 Pac. 96.)

There is no error in the record, and the judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.