HOWELL, APPELLANT, v. BENT ET AL., RESPONDENTS.

(No. 3,304.)

(Submitted October 25, 1913.  Decided November 29, 1913.)

[137 Pac. 49.]

*Water Rights—Res Adjudicata—Evidence—Inadmissibility—Wrongful Diversion of Water—Action for Damages—Misjoinder of Parties—Harmless Error.*

Water Rights—*Res Adjudicata*—Evidence—Inadmissibility.
1.   Where in a water right suit a decree of the United States circuit court had *inter alia* granted injunctional relief against interference with the right of one of the parties to a sufficient flow of water to satisfy his claim, the presumption obtained that the court also determined that the waters of the creek in controversy did not sink and become lost before they reached the lands of such party; evidence to the contrary was, therefore, inadmissible, until a change in the conditions subsequent to the decree was shown.

Same—Wrongful Diversion—Action for Damages—Misjoinder of Parties.
2.   Under the rule that where two or more parties act each for himself in producing a result injurious to another, they cannot be held jointly liable for the acts of each other, nor, in the absence of statutory authorization, be sued in one action for the entire damage, either with or without an apportionment to each of his share of the damage, an action at law against several defendants jointly for injury to crops on account of the alleged wrongful diversion of the waters of a creek by the defendants severally did not lie.

Same—Equity Actions—Statutes.
3.   Section 4852, Revised Codes, authorizing plaintiff to make all persons who have diverted water from a stream parties defendant for the purpose of having the relative rights and priorities of all of them determined, and under which damages may be assessed against those who have wrongfully diverted any of such water, has reference only to a suit in equity in which the damages claimed are a mere incident, and not to an action at law of the character mentioned in paragraph 2, *supra.*

Appeal—Correct Judgment—Affirmance Notwithstanding Error.
4.   Where plaintiff was not entitled to judgment in any view of the case as tried, it will not be reversed for error committed during trial.

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

ACTION by T. N. Howell against Wallace Bent and others. Judgment for defendants, and plaintiff appeals from it and an order denying a new trial.   Affirmed.

*Mr. W. M. Johnston* and *Mr. H. J. Coleman*, for Appellant, submitted a brief; *Mr. Johnston* argued the cause orally.

In behalf of Respondents, there was a brief by *Messrs. Nichols & Wilson*, and oral argument by *Mr. Harry L. Wilson.*

MR. JUSTICE SANNER delivered the opinion of the court.

Action by T. N. Howell to recover from Wallace Bent, Bert Bent, Michael Wrote, Tony Garcia, George Crosby, John Sadring, Charles Ingram, C. M. Young, W. R. Bainbridge, James Pauley, Tillman C. Graham, A. W. Adams and Curtis Beeler, as defendants, for injury to and loss of crops on account of the alleged wrongful diversion of the waters of Sage creek. Sage creek is a small stream which rises in Montana and flows into Wyoming, and upon it or its tributaries all the parties reside or have lands which require artificial irrigation for the successful raising of crops. The appellant possesses a right to 110 miner's inches of the waters of Sage creek for the irrigation of his lands, which lie in the state of Wyoming some miles below the lands of respondents, and this right is prior and superior to any that may be asserted by the respondents or any of them. For the purpose of utilizing his right the appellant has, since August 1, 1890, maintained a dam across said creek about a mile above his place, and also a ditch, tapping the creek at that point, of sufficient size and character to divert and conduct the water to his land. It is alleged that in the year 1908 the appellant tilled and cultivated 160 acres of his land in a good, husbandlike manner, constructed laterals from his main ditch so as to distribute the water over the land, planted and seeded a large portion of the land to alfalfa and wheat, and in all respects properly cared for the same. The burden of the complaint is set forth in paragraph 8 as follows: "(8) That said defendants, and each of them, in the years 1908, 1909 and 1910, had ditches tapping said Sage creek and its tributaries above the intake of plaintiff's said ditch; that when it became necessary to irrigate said crops of wheat and alfalfa in the year 1908, said defendants

and each of them tapped said Sage creek and diverted therefrom all of the waters of said Sage creek and its tributaries, and thereby deprived plaintiff of the use of any of the waters of said Sage creek and its tributaries for the irrigation of said crops, which deprivation and wrongful use of said water by said defendants continued throughout the entire irrigating season of that year; that plaintiff notified said defendants and each of them of his right to the said waters of Sage creek and its tributaries, and that they and each of them were diverting the same from plaintiff to his damage, and demanded that they allow said water to flow down said Sage creek in sufficient quantity to allow him to divert therefrom 110 miner's inches thereof, to which he was entitled; that notwithstanding such notice and demand from plaintiff, said defendants and each of them, from the commencement of the irrigation season and throughout the whole season, wrongfully and unlawfully diverted all of the waters of said Sage creek and its tributaries, and thereby deprived plaintiff of the use of any of said waters in that year; that by reason of said wrongful acts of said defendants, the plaintiff's aforesaid crops of wheat and alfalfa were entirely ruined and destroyed, and said alfalfa killed, and plaintiff suffered the entire loss of said crops by reason thereof and for no other reason.''

To the complaint four separate answers were filed: one by Wallace Bent and Bert Bent, one by Beeler and Adams, one by Young, Ingram and Sadring, and one by Bainbridge. These answers differ slightly in detail, but the general effect of each of them is to raise an issue upon the material allegations of the complaint.

The trial was to the district court sitting with a jury, and after dismissal by appellant as to Tillman C. Graham, the verdict was for the respondents. Judgment on the verdict was entered, and appellant in due time presented his motion for new trial, which was denied. The cause is before us upon appeal from the judgment, and from the order denying the motion for new trial.

The brief of appellant assigns sixteen alleged errors. One of these relates to the pleadings, four to the instructions, and the remainder to rulings upon the evidence. No good purpose could be served by discussing these assignments in detail, because, for reasons presently to appear, the judgment must be affirmed in any event. Suffice it to say that we see no error in any of these rulings, except the admission of testimony to the effect that the waters of Sage creek sank and were lost between the ranches of respondents and that of appellant. We think this subject was not open to inquiry as between the parties to this action. The complaint alleges, and the respondents have admitted, that on [1] May 28,. 1906, in the circuit court of the United States, ninth circuit, district of Montana, in an action involving the right to the use of the waters of Sage creek, wherein one W. A. Morris was plaintiff, the appellant herein was intervener, and the respondents or their predecessors in interest were defendants, such proceedings were had that the judgment and decree of that court was duly entered establishing the right of appellant to 110 miner's inches of the waters in said Sage creek and its tributaries as of August 1, 1890, and prior both in time and right to the rights of any of defendants. In and by this decree the defendants were enjoined from in any manner interfering with the rights of the present appellant, but were commanded to allow a sufficient amount of water to flow down to satisfy his claim whenever needed by him: While it is true the pleadings in that action are not before us, the decree itself—as admitted by the respondents—is of such a character that we must presume, in the absence of anything to the contrary, that the court had properly before it, not merely the relative rights of the parties in order of time, but the possibility of interference with the right of Howell on account of diversions above him. If at that time the waters of Sage creek sank and were lost between the ranches of respondents and that of appellant, no assertion of rights to such waters by respondents or their predecessors in interest, and no diversion of such waters by the respondents or their predecessors in interest, could constitute an interference

with Howell. In such a situation there would have been no occasion for the injunctional portion of the decree. As we cannot presume the decree to have been without foundation or meaning in any of its substantial particulars, it follows that the circuit court of the United States in entering the decree necessarily determined that at that time the waters of Sage creek did not sink and become lost between the ranches of respondents and that of appellant. (Rev. Codes, sec. 7917; *Lokowich* v. *City of Helena,* 46 Mont. 575, 129 Pac. 1063.) This conclusion is strengthened by the testimony in the record before us, as well as by the decision of the case in the circuit court of the United States in the first instance (*Morris* v. *Bean* [C. C.], 146 Fed. 423), and in the circuit court of appeals, where it was intermediately affirmed (*Bean* v. *Morris,* 159 Fed. 651, 86 C. C. A. 519). It being the adjudicated fact that when the decree of the circuit court of the United States was entered the waters of Sage creek did not sink and become lost, no evidence to the contrary was admissible until a change in the conditions subsequent to the decree was shown.

But the error is of no avail because the plaintiff was not entitled to judgment. The complaint leaves one in some uncertainty as to whether the pleader intended to charge that the respondents acted jointly or severally in diverting the water. If jointly, it is not sustained by any evidence; if severally, then the complaint, the evidence presented by the appellant, and the instructions given to the jury at his instance were consistent, but were grounded upon a theory wholly untenable. It is well [2] settled that when two or more parties act, each for himself, in producing a result injurious to the plaintiff, they cannot be held jointly liable for the acts of each other; nor, in the absence of statutory authorization, can they be sued in one action for the entire damage, either with or without an apportionment to each of his share of the damage. In pursuing their course, [3] counsel for appellant doubtless proceeded upon the assumption that such authorization is to be found in section 4852, Revised Codes; but, as early as 1895, the law was declared other-

wise in *Miles* v. *Du Bey,* 15 Mont. 340, 39 Pac. 313. That case arose squarely upon the interpretation of ¬ction 1260, Fifth Division, Compiled Statutes of 1887, which is identical with section 4852, Revised Codes, and in deciding it this court held that an action like the one at bar will not lie, and that the section in question authorized the proceeding here employed only in a suit in equity to "settle the relative priorities and rights of all the parties to the water, or the use thereof, of the stream mentioned," in which the damages claimed are a mere incident. (See, also, *Blaisdell* v. *Stephens,* 14 Nev. 17, 33 Am. Rep. 523; *Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 379, 65 Pac. 111.)·

We fully realize that the foregoing consideration is not made a matter of specific argument in the briefs before us, but it is argued that the judgment should be reversed and a new trial directed because of the errors assigned. If—as is the case—the [4] judgment is correct, if it could not in this action be other than it is, then the errors assigned could in no wise affect it; and we are forbidden, as well by the statute (Rev. Codes, sec. 6593) as by the rules of reason, to order a reversal (*Knipe* v. *Washoe Copper Co.,* 37 Mont. 161, 95 Pac. 129). Accordingly, the judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.