## LYON, RESPONDENT, *v.* UNITED STATES FIDELITY & GUARANTY CO., APPELLANT.

(No. 3,356.)

(Submitted February 14, 1914.  Decided March 8, 1914.)

[140 Pac. 86.]

*Receivers—Wrongful Appointment—Action on Bond—Pleading and Proof—Judgment—Estoppel—Damages—Evidence.*

Receivers—Wrongful Appointment—Action on Bond—Pleading and Proof.
1.  *Held,* that to warrant recovery on a bond given pursuant to section 6701, Revised Codes, in a suit in which the appointment of a receiver was asked to take charge of the personal property of an alleged partnership, plaintiff was not required to allege and prove a specific adjudication in the primary suit that the appointment of the receiver was procured wrongfully, maliciously or without sufficient cause, or that the receivership was formally vacated in response to a motion to that effect; *held,* further, that such adjudication may be implied from the final decree adjudging the ownership of the property in the defendant,—plaintiff in the action on the bond.

Same—Nature of Remedy.
2.  Receivership is an extraordinary remedy of ancillary character, the chief reason for its allowance being to husband the property in litigation for the benefit of the person who may ultimately be found entitled thereto.

    [As to when the appointment of a receiver is proper, see notes in 64 Am. Dec. 482; 72 Am. St. Rep. 29.  As to appointment of receiver before suit is instituted, see note in Ann. Cas. 1912B, 236.]

Same—Scope of Order.
3.  The appointment of, or refusal to appoint, a receiver pending determination of an action, does not conclude either of the parties upon the ultimate question involved.

Judgments—What Matters Concluded by.
4.  As between the parties to an action, the judgment is an adjudication, not merely of the conclusions expressed, but of everything necessarily included in them.

Appeal and Error—Appellant may not Complain, When.
5.  Of an error against respondent, appellant may not complain.

Receivers—Action on Bond—Estoppel.
6.  Plaintiff was not estopped to question the propriety of the appointment of a receiver, by his failure to appeal from an order refusing to vacate the receivership.

Same—Pleadings—Estoppel.
7.  Where plaintiff alleged the value of partnership property involved in an action in which he asked for the appointment of a receiver, to be of the value of $4,000, and defendant denied that it was worth more than $1,500, the latter was not estopped to assert, in an action on the receiver's bond, that the property was of a greater value than that claimed by him in the first action.

Same—Damages—Evidence—Loss of Property.
8.  Evidence of the value of personal property either lost or destroyed while in charge of a receiver was properly admitted as an element of the damages flowing from the wrongful procurement of his appointment.

*Appeal from District Court, Jefferson County; J. B. Poindexter, Judge.*

ACTION by John W. Lyon against the United States Fidelity & Guaranty Company. Judgment for plaintiff. Defendant appeals from it and an order denying it a new trial. Affirmed.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The bond provided for in section 6701, Revised Codes, is merely to indemnify the defendant for damages sustained during the time a receiver has possession, whose appointment was procured wrongfully, maliciously or without sufficient cause, and defendant is entitled to such damages only when he has by proper motion and showing in the court appointing a receiver had such appointment vacated on such grounds, or has on appeal from an order refusing to vacate the appointment reversed the lower court. (See *Pagett* v. *Brooks,* 140 Ala. 257, 37 South. 263.)

For a full and clear discussion of the difference between the terms "removal," "discharge" and "vacate" as used in connection with receivers, see Alderson on Receivers, secs. 635 and 639.

The fact that the final decision in the original action was in favor of the defendant therein did not determine that the appointment of the receiver in said action was procured wrongfully, maliciously or without sufficient cause. (*Pagett* v. *Brooks,* above; *Ferguson* v. *Dent,* 46 Fed. 88.)

In *Post* v. *Dorr,* 4 Edw. Ch. (N. Y.) 425 (412), the court said: "Submitting to the appointment of a receiver by those who are before the court and had a right to object and who could have appealed from the order, if dissatisfied with it, but did not, is such an acquiescence in the order as renders it the law of the case with respect to the right to have a receiver." The appointment of a receiver cannot be assailed collaterally. (*Greeley* v. *Provident Savings Bank,* 103 Mo. 212, 15 S. W. 429; *Neeves* v. *Boos,* 86 Wis. 313, 56 N. W. 909.) In *State* v. *Shelton,* 238 Mo.

281, 142 S. W. 417, the court said: "In the third place, the appointment of a receiver may not be assailed collaterally. Unrevoked by motion below or by appeal, as here, that appointment must stand as against a collateral attack. (*Thompson* v. *Greeley,* 107 Mo. 577, 17 S. W. 962; *State* v. *Foster,* 225 Mo. 171, 125 S. W. 184." See, also, *Zieverink* v. *Kemper,* 50 Ohio St. 208, 34 N. E. 250; *Campbell* v. *H. B. Claflin Co.,* 135 Ala. 527, 33 South. 275; *Coverdill* v. *Seymour* (Tex. Civ. App.), 56 S. W. 221, 94 Tex. 1, 57 S. W. 37.) As to what is a collateral attack is fully discussed in *Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879. An appeal from an order appointing a receiver is a direct attack. (*Marshall* v.° *Matson,* 171 Ind. 238, 86 N. E. 339.) *Joslin* v. *Williams,* 76 Neb. 594, 107 N. W. 837, affirmed on rehearing in 112 N. W. 343, clearly shows that in order to maintain an action on such a bond as this, it must first be judicially determined, in the manner provided by law, in the original action that the receiver was wrongfully appointed: In *Thornton-Thomas Mercantile Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10, the appointment of a receiver was first vacated in a manner provided by law in the original action before an action was started against the plaintiff and his surety on the undertaking. (See, also, *Sullivan Timber Co.* v. *Black,* 159 Ala. 570, 48 South. 870.)

The order refusing to vacate the appointment of the receiver, being an appealable order, was, in effect, a final judgment on the merits, so far as the question of the appointment of the receiver was concerned. (*In re Dougherty,* 34 Mont. 336, 86 Pac. 38; *Lake* v. *Bonynge,* 161 Cal. 120, 118 Pac. 535; *Rodgers* v. *City of Ottawa,* 83 Kan. 176, 109 Pac. 765; 26 Cyc. 1223–1225.) The motion for the order to vacate the appointment and such order refusing to vacate must be construed to cover all matters that might have been litigated on such hearing, and defendant was required to present all grounds he had in support of such motion. (23 Cyc. 1223–1225; *Moore* v. *Horner,* 146 Ind. 287, 45 N. E. 341; *Leaverton* v. *Albert,* 116 Md. 252, 36 L. R. A. (n. s.) 990, 81 Atl. 601; *Hope* v. *Shevill,* 137 App. Div. 86, 122 N. Y.

Supp. 127; *Kellogg* v. *Maloney,* 152 Fed. 405, 81 C. C. A. 531; *In re Snowball's Estate,* 156 Cal. 240, 104 Pac. 444.) The surety can plead a judgment in favor of its principal, refusing to vacate the appointment of a receiver, as a bar or estoppel, although the surety was not a party to the action in which such judgment was rendered. (23 Cyc. 1278, 1527; 32 Cyc. 152; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, 103 Am. St. Rep. 66, 77 Pac. 765; *Stevens* v. *Carroll,* 131 Iowa, 170, 105 N. W. 653; *State* v. *Coste,* 36 Mo. 437, 88 Am. Dec. 148; *Sonnentheil* v. *Texas Guarantee etc. Co.,* 23 Tex. Civ. App. 436, 56 S. W. 143.) Section 6702, Revised Codes, requires the receiver to give a bond for the faithful discharge of his duties; therefore, if he did not properly care for the property taken into his possession, or lost part of it, or failed to return it upon the order of the court, then the defendant must look to the receiver and his surety for his damages for such acts, and not to the plaintiff and his surety on the undertaking given at the time the receiver was appointed. (High on Receivers, sec. 270; *Kaiser* v. *Kellar,* 21 Iowa, 95; *Robinson* v. *Arkansas Loan & Trust Co.,* 74 Ark. 292, 85 S. W. 413; *Coverdill* v. *Seymour,* 94 Tex. 1, 57 S. W. 37.)

*Mr. Ike E. O. Pace,* for Respondent, submitted a brief, and argued the cause orally.

The judgment against the original plaintiff is binding upon the surety, the appellant here; and the surety is precluded from questioning its merits, though the original plaintiff defaulted. (2 Black on Judgments, sec. 587.) The failure of the plaintiff to prosecute his suit is a virtual admission by him that he had no adequate cause of action. (Murfree on Official Bonds, sec. 397.) The judgment being based upon a default, the entire issue must have been found for the defendant, which necessarily precludes the rightful appointment of a receiver. Resort may be had to the pleadings to determine what was decided. (*National Foundry & Pipe Works* v. *Oconto City W. S. Co.,* 183 U. S. 216, 46 L. Ed. 157, 22 Sup. Ct. Rep. 111; *Harper* v. *Keys,* 43 Ind. 220.) In construing the judgment **of**

the court in which the property is declared to belong to the plaintiff, a reference to the pleadings or the record is conclusive that the receiver was procured wrongfully or without sufficient cause. (*Texas Savings-Loan Assn.* v. *Banker*, 26 Tex. Civ. App. 107, 61 S. W. 724.)    The dismissal of a suit for want of prosecution amounts to a determination that the temporary injunction issued in the course of it was improperly granted and the same is thereby set aside and discharged.    (Hilliard on Injunctions, sec. 65; *Dowling* v. *Polack*, 18 Cal. 625.)    The abandonment of the suit by the plaintiff procuring the appointment of a receiver or an injunction order is alone sufficient ground for an action upon a bond for the wrongful procurement of the receiver or injunction order.    (*Barthe* v. *City of New Orleans*, 42 La. Ann. 43, 7 South. 70.)    Failure to prosecute the receivership action and judgment thereon operates as a final adjudication giving right of action upon the bond in injunction.    (16 Am. & Eng. Ency. of Law, 456.)

The question whether plaintiff procured the appointment of the receiver improvidently rests upon the final determination of the facts at issue in the receivership action.    This issue cannot be determined by appeal from the order appointing the receiver. There can be no determination of the facts upon which the original plaintiff procured the receiver's appointment other than by final judgment in the receivership case.    Hence the non-appeal from the order appointing the receiver is not material to a suit upon this bond.    (2 Black on Judgments, sec. 509; Wharton on Evidence, sec. 871; *Webb* v. *Buckelew*, 82 N. Y. 555.) When the original defendant obtains judgment, "the entry of judgment would seem to have the effect of terminating the receiver's functions."    (*Sullivan Timber Co.* v. *Black*, 159 Ala. 570, 48 South. 870.)    The turning over of the property to the original defendant, by order of the court subject to the receiver's fees cannot be interpreted as holding that the receiver was properly appointed.    (*Cutter* v. *Pollock*, 4 N. D. 205, 50 Am. St. Rep. 644, 25 L. R. A. 377, 59 N. W. 1062, 7 N. D. 631, 76 N. W. 235.) The final decree in the receivership case terminates the functions

of the receivership, even though there is no formal order discharging the receiver. (*Very* v. *Watkins,* 23 How. (U. S.) 469, 16 L. Ed. 522.)

MR. JUSTICE SANNER delivered the opinion of the court.

Action on a bond arising out of the following circumstances: One Perrine brought suit in the district court of Deer Lodge county against J. W. Lyon, the respondent on this appeal, alleging the existence of a copartnership between himself and Lyon in the business of contract grading and roadwork, and in the ownership of twenty-three head of horses and certain grading equipment, all of the value of $4,000; alleging that Lyon had applied all the receipts and profits of the business to his own use and had refused to account for the same; alleging that Lyon was about to remove the property from Deer Lodge county, and that there was immediate danger of the property being removed beyond the jurisdiction of the court and lost, materially injured, destroyed and unlawfully disposed of; and praying for a dissolution of the partnership, for an accounting and for the appointment of a receiver to take charge of the property, sell it, pay the liabilities of the firm and divide the surplus. On August 18, 1908, an order *ex parte* was made by the court for the appointment of a receiver to take charge of and preserve said property. On August 22, 1908, one Calvert was clothed with that authority, but before he was permitted to take possession of the property, the court, on November 14, 1908, required Perrine to file the bond which forms the basis of the present action. This bond was executed by Perrine and the appellant, the United States Fidelity & Guaranty Company, for the sum of $3,000 and conditioned for the payment to Lyon of all damages he might sustain by reason of the appointment of the receiver and the entry by the receiver upon his duties, if such appointment was procured "wrongfully, maliciously or without sufficient cause." The receiver took possession of the property on December 1, 1908. Thereafter Lyon answered, in effect denying the partnership or any ownership or interest of Perrine in the property.

On May 26, 1910, the cause of *Perrine* v. *Lyon,* having been removed to the district court of Jefferson county, was called for trial, but Perrine did not appear and was not represented; whereupon Lyon submitted evidence in support of his contentions, and judgment by the court was entered decreeing the sole ownership of the property to be in him, ordering the receiver to deliver the property to Lyon, he to hold it subject to the lien of the receiver for his fees, costs and disbursements. On May 27, 1910, Lyon made demand upon the receiver for the property, and on June 1, 1910, the receiver, having had possession of the property about eighteen months, delivered to Lyon thirteen head of horses and part of the equipment.

The present action was commenced on July 8, 1911. The complaint, besides setting up the foregoing facts, alleges that the allegations of Perrine's complaint were willfully false and made maliciously and without sufficient cause; that Perrine procured the appointment of the receiver wrongfully, maliciously and without sufficient cause; that in consequence of the appointment of the receiver, Lyon has been damaged as follows: $3,000, the value of the property not returned to him by the receiver; $3,000, the value of the use of the property while in the hands of the receiver and $1,000 in money and time expended defending himself against the action of Perrine and the receivership therein; that the receiver has a claim against the property amounting to $3,600, and that demand was made upon Perrine and the appellant surety company to pay the penal sum of the bond, but this they have wholly failed and refused to do. A demurrer to the complaint was overruled and the appellant answered, joining issue upon certain allegations of the complaint; the burden of the answer, however, is that on September 5, 1908, Lyon filed in the suit of *Perrine* v. *Lyon* a motion to vacate the order appointing the receiver, upon the ground of the insufficiency of the application therefor, and on the ground that no bond had been exacted as required by section 953 of the Code of Civil Procedure, which motion being denied and not appealed from, Lyon is estopped to now contend that the appointment of

the receiver was procured wrongfully, maliciously or without sufficient cause; and that Lyon by his pleading in *Perrine* v. *Lyon* denied that the value of the property was to exceed $1,500 and alleged the cost of the same to have been $1,400, by which denial and allegation, as well as by the judgment in *Perrine* v. *Lyon,* the latter is estopped to now contend that said property had any greater value than $1,500 when the receiver took possession of the same.

Upon the trial no attempt was made to establish the item of $1,000, damages for loss of time and money expended in the defense of Perrine's suit; but the cause was submitted upon the value of the property not returned and upon the value of the use of all the property during the receiver's possession of it. The verdict awarded respondent $2,700 and judgment was entered accordingly. Motion for new trial was made and denied; hence these appeals.

Assignment is made of eleven alleged errors, by which it is sought to present three questions, *viz.:* Is this action maintainable upon the pleadings and the record? Was it permissible for the respondent to assert any value for the property in excess of $1,500? Was it error to receive evidence and to instruct the jury concerning the value of the property not returned by the receiver to the respondent?

1. It is contended that this action is not maintainable upon the face of the record, because it was necessary to allege and prove an adjudication in *Perrine* v. *Lyon* that the appointment [1] of the receiver was procured wrongfully, maliciously or without sufficient cause; and this, it is said, not only does not appear from the complaint, but is specifically negatived by the respondent's admission that he did move to vacate the appointment, that his motion was denied and that he failed to take an appeal. The argument is that the receivership must be formally vacated in the primary suit either upon motion in the court of original jurisdiction or upon appeal; that the order of the district court denying the motion to vacate was an adjudication in favor of the appointment, since no appeal was taken; and

that the present attempt of the respondent to charge the appointment to have been made wrongfully, maliciously or without sufficient cause, is a collateral attack.

The bond which forms the basis of this action was given pursuant to the provisions of section 6701 of the Revised Codes; it is conditioned, as that statute provides, for the payment of all damages sustained "in case the applicant shall have procured such appointment wrongfully, maliciously or without sufficient cause." We see nothing in this language to indicate that a specific finding in the primary suit against the propriety of the receivership is an essential prerequisite to an action upon the bond, and we look in vain for any intimation that such finding must be in the nature of an order upon motion to vacate. What the statute requires and what the bond expresses as a condition of liability is a fact, *viz.,* that the appointment was procured wrongfully, maliciously or without sufficient cause; and assuming that, to state a cause of action of this kind, the complaint must show an adjudication of that fact in the primary suit, it does not follow that such adjudication must in every case occur in response to a motion to vacate or that it cannot be implicit in the final judgment. In the case of *Pagett* v. *Brooks,* 140 Ala. 257, 37 South. 263, relied on by appellant, the condition of the bond was that required by the statute of Alabama, *viz.;* the obligees "shall pay or cause to be paid all damages which any person may suffer by the appointment of such receiver if such appointment be vacated." The cause in which the receiver was appointed was determined upon final hearing adversely to the complainants and their bill was dismissed; but no order was made vacating the appointment of the receiver. The court said: "The question presented is whether a final decree upon the merits dismissing the complainant's bill, without more, operated to vacate the appointment of the receiver within the meaning of the statute and the condition of the bond. It cannot be seriously doubted that the burden is upon the plaintiffs to show by averments and proof, in order to entitle them to a recovery, that the appointment of the receiver was vacated. His removal or

discharge, if it be conceded that such was the effect of the decree, will not suffice. There is a clear distinction between vacating the appointment of a receiver and his removal or discharge. * * * To vacate the appointment is to set aside the order of appointment because improvidently granted, the motion for which is based on the circumstances and conditions attending the appointment. * * * The statutory requirement of giving this bond * * * was simply to afford indemnity to a party who has suffered damages by reason of the improvident appointment of a receiver, and who has availed himself of the opportunity afforded him by the statutes of having the appointment vacated by an order of the chancellor or of this court.'' Counsel for appellant assert that the effect of the Alabama and Montana statutes is the same, because one way of establishing that a receivership was wrongfully procured is by an order of vacation; but surely this assertion answers itself. Our statute requires a fact, the Alabama statute requires an order of a specific kind; ours is directed to the wrongful act of a party, theirs to the improvident act of the court; ours emphasizes substance, theirs form. Whatever may be thought of the general reasoning of the *Pagett Case,* it is expressly grounded upon a provision so much narrower than ours, both in letter and in spirit, that the decision cannot have any value as a precedent for us.

Since our statute is designed to provide indemnity against wrongful receiverships, it has special application to those cases in which the appointment is wrongful because the plaintiff had no right thereto upon the merits. But this fact is not finally determinable anywhere short of trial. Receivership is an [2] extraordinary remedy of ancillary character; it cannot in itself be the ultimate object of a suit but is permissible only in an action pending for some other purpose, and the chief reason for its allowance is to husband the property in litigation for the benefit of the person who may be found entitled thereto. (Rev. Codes, secs. 6698–6704; *Benepe-Owenhouse Co.* v. *Scheidegger,* 32 Mont. 424, 80 Pac. 1024; *Villa* v. *Grand Island Electric Light etc. Co.,* 68 Neb. 222, 110 Am. St. Rep. 400, 4 Ann. Cas. 59, 63

L. R. A. 791, 94 N. W. 136, 97 N. W. 613.)    Hence such allow-
ance in nowise affects the main controversy or determines the
final result.    (High on Receivers, 4th ed., sec. 6.)    When, there-
fore, the plaintiff presents a sufficient *prima facie* case, the order
will usually be made without inquiring into the merits of the
case at large, and no showing upon the merits which the defend-
ant can make before trial will absolutely entitle him to a vaca-
tion of the order.    (34 Cyc. 129, 160.)    He may, upon affidavits
before answer, or upon the answer if it has been filed, present
his motion to vacate upon the ground that the essential equities
of the complaint have been denied; he may support his motion by
oral evidence upon the hearing and his motion may or may not
[3]  be granted in the sound discretion of the court; but
whether granted or not, the parties are in nowise concluded upon
the ultimate questions involved.    (34 Cyc. 160, 161.)    It follows
that to hold a technical vacation of the order of appointment
prerequisite to the maintenance of an action of this kind, al-
though the rightfulness of the appointment may depend wholly
upon the merits of the plaintiff's claim, we must deny applica-
tion of the statute to cases which it was clearly intended to cover,
and strip the statute of the greater part of its meaning.    This
we have no disposition and no authority to do.

Nor does any controlling reason assert itself for the conclusion
that in a case where the rightfulness of the appointment depends
upon the merits of the plaintiff's claim, there must be any ex-
press adjudication against the propriety of the appointment.
It may be, as held in *Ferguson* v. *Dent,* 46 Fed. 88, that the ulti-
mate defeat of the plaintiff does not always establish the im-
propriety of the appointment; but one cannot rightfully procure
a receiver for property in which he has no interest, and where
the very cause of action is a claim to ownership or interest in
the property, where the right to a receiver is made to depend
upon that, and where the final decree specifically adjudges the
ownership of the property to be in the defendant, it seems
gratuitous to say that from this a finding against the propriety
of the receivership cannot be implied, or, if implied, cannot be
sufficient.

Counsel cite *Joslin* v. *Williams,* 76 Neb. 594, 107 N. W. 837, 112 N. W. 343, as clearly showing ''that in order to maintain an action on such a bond, it must first be judicially determined in the manner provided by law in the original action, that the receiver was wrongfully appointed.'' The *Joslin Case,* and also the case cited therein as the leading authority—*Haverly* v. *Elliott,* 39 Neb. 201, 57 N. W. 1010—were decided under a statute of Nebraska which exacts of the applicant for ·a receiver a bond to pay all damages suffered by the adverse party ''in case it shall be finally decided that the order ought not to have been granted.'' If this statute requires an express finding to the effect stated, it ·is open to the comment above made upon the statute of Alabama. As a matter of fact, the Nebraska court merely recites that it was finally decided that the order ought not to have been granted, without stating how such decision was made nor in what manner it is provided by law that such decision should be made, and the question of the form such decision must take was not involved.

So, too, our own case of *Thornton-Thomas Mercantile Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10, urged as persuasive at least, is no authority for appellant's contention. There the appointment had been vacated by this court upon appeal for insufficiency in the preliminary showing. The procedure adopted was doubtless proper and it may have been necessary in the particular circumstances; but it is nowhere suggested in the opinion that such is the indispensable procedure in every case, nor that it is always necessary to have an express adjudication against the appointment, nor that the final judgment against the plaintiff in the primary case may not carry the conclusion that the appointment was improper.

What the issues were in *Perrine* v. *Lyon* is fully set forth in the pleadings at bar; from them we learn that Perrine sought the receivership to protect an interest which he claimed in the property as part owner thereof, and which claim Lyon denied, asserting sole ownership in himself. When the court by its judgment determined that Lyon was the owner, it necessarily

found that Perrine had no interest and therefore no sufficient cause for the appointment of a receiver. As between the parties to this action, that judgment was an adjudication, not merely [4] of the conclusions expressed, but of everything necessarily included in them. (Rev. Codes, sec. 7917; *Lokowich* v. *City of Helena,* 46 Mont. 575, 129 Pac. 1063; *Howell* v. *Bent, ante,* p. 268, 137 Pac. 49.)

Applying the same principle to the order made in *Perrine* v. *Lyon* denying the motion to vacate the appointment, it may be conceded that such order was *res judicata* against the respondent; but only so far as it went. Since the only matters involved were the grounds of the motion, and since these did not, and could not, present the rightfulness of the appointment as dependent upon the merits of the case, and since the merits of the case could not be finally determined save at the trial, such adjudication is of no effect upon the matter as now presented. For like reasons, and independently of others which suggest themselves, the contention that the case at bar is a collateral attack upon the order cannot be sustained.

It is suggested, however, that the judgment itself clearly recognizes the validity of the appointment because it does not discharge the receiver, but gives him a lien on the property for his fees, and requires him to make further reports. As to this it is sufficient to say: The judgment commands the receiver to deliver the property to Lyon, and he could not be discharged until this was done and report thereof made to the court; his right to his fees, costs and disbursements did not depend upon the propriety of his appointment (*Hickey* v. *Parrot S. & C. Co.,* 32 Mont. 143, 108 Am. St. Rep. 510, 79 Pac. 698) ; he was entitled to have them fixed by the court, and this could not be done without a report; the clause of the judgment giving him a lien on the property [5] indicates nothing save an error against Lyon, of which appellant cannot take advantage in this case.

Some argument is devoted to the proposition that the respondent by acquiescing in the order is estopped to now question its propriety; and in this connection it is said that "Lyon was not

obliged to leave the property in the possession of the receiver'';
[6] he could, by appealing from the order refusing to vacate
the appointment and filing an undertaking, have procured a
*supersedeas* and thereby suspended the authority of the receiver
and withdrawn the possession of the property from him.    While
the respondent moved to vacate the order appointing the re-
ceiver, basing his motion upon procedural grounds, and while
his failure to appeal from the order denying that motion may
be taken as an acquiescence in the last order and in the receiver-
ship, so far as it depended upon the grounds presented by the
motion, still such acquiescence cannot be extended beyond the
effect of the order itself.    As we have held that the order was
not an adjudication against the respondent upon the propriety
of the receivership, so far as it depended upon the merits, the
acquiescence is of no importance.

2. The issues in *Perrine* v. *Lyon* were whether these parties
[7] were partners and whether Perrine owned any interest in
the property; and although Perrine did allege the value of the
property to be $4,000, and Lyon did deny that it had any value
above $1,500, the judgment did not find, nor was it necessary to
a determination of the issues that it should find, the value of the
property.    The respondent, therefore, was not barred by the
judgment from asserting in this case that the property was of
greater value.    If he was not barred by the judgment, he was not
estopped by the mere pleading of such matter; that amounts at
most to the statement or admission of an independent fact, pre-
sentable in evidence against him and to be considered by the jury
in fixing the amount of his damages.    (*Peterson* v. *Warner,* 6
Kan. App. 298, 50 Pac. 1091; *Thompson* v. *Currier,* 70 N. H.
259, 47 Atl. 76; *Posey* v. *Hanson,* 10 App. D. C. 496; *Hall* v.
*McNally,* 23 Utah, 606, 65 Pac. 724.)    We see no error in this
part of the proceedings.

3. The receiver returned only part of the property to the re-
spondent, claiming that the remainder was lost or destroyed.
[8] The truth of this claim is not questioned; it was not con-
tended upon the trial by anyone that such loss was due to any

fault of the receiver, nor does it appear that such loss could not have occurred without his fault; he is therefore presumed to have done his duty. But the loss occurred, and it occurred because of the receivership; this being true, the charge of error in receiving evidence upon the value of the property not returned by the receiver and in submitting that question to the jury as an element of damages is disposed of by the reasoning in *Thornton-Thomas Mercantile Co.* v. *Bretherton,* cited above.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied April 22, 1914.

